[No 14759.    Department One. — September 20, 1892.]

E. A. BURR, APPELLANT, *v.* THE BOARD OF SU-
PERVISORS OF SACRAMENTO COUNTY, RE-
SPONDENT.

WRIT OF REVIEW — BENEFICIAL EFFECT. — A writ of review will be refused,
   where it appears that it can have no beneficial effect.
ID. — REVIEW OF ORDER OF SUPERVISORS — ALLOWANCE OF CLAIM — PAY-
   MENT BEFORE APPLICATION FOR WRIT. — An order of the board of
   supervisors of a county allowing an unverified bill against the county
   will not be annulled upon a petition for a writ of review, upon the
   ground that the order was unauthorized and in excess of the board's
   jurisdiction, where it appears that the creditor, immediately after the
   allowing of the bill, procured a warrant therefor from the auditor and
   obtained the money from the treasurer.
ID. — ADEQUATE REMEDY AT LAW — RECOVERY OF MONEY PAID — DIS-
   TRICT ATTORNEY — APPLICATION BY TAX-PAYER. — The remedy pro-
   vided for by section 8 of the County Government Act, to the effect that
   whenever any board of supervisors should, without authority of law, or-
   der any money paid, and such money should have been actually paid,
   the district attorney should sue to recover the money so paid, is a plain,
   speedy, and adequate remedy at law, available to any tax-payer upon his
   complaint to the district attorney, and is sufficient to defeat an applica-
   tion by a tax-payer for a writ of review in his own name to annul the
   claim so paid, it not appearing that the district attorney has failed or
   refused to perform his duty.
ID. — INTEREST OF TAX-PAYER. — The interest which a mere tax-payer has
   in the recovery of money wrongfully allowed by the board of supervisors
   and paid by the treasurer does not entitle him to bring suit in his own
   name until after the district attorney has refused to perform the duty
   enjoined upon him by section 8 of the County Government Act.

APPEAL from a judgment of the Superior Court of Sac-
ramento County.

The facts are stated in the opinion.

*Johnson, Johnson & Johnson,* for Appellant.

A writ of review is the proper remedy. (*Maxwell* v. *Supervisors,* 53 Cal. 389; *Eby* v. *School Trustees,* 87 Cal. 166–175.) The writ should be granted, so as to establish the liability of the individual members of the board of supervisors. (*Merriam* v. *Supervisors,* 72 Cal. 519.)

*A. J. & Elwood Bruner,* for Respondent.

A writ of review can only be granted where there is no plain, speedy, and adequate remedy at law. (Code Civ. Proc., sec. 1063.) Here there was a plain, speedy, and adequate remedy for any illegal action of the board of supervisors which existed. (County Government Act, sec. 8; *Merriam* v. *Supervisors,* 72 Cal. 519.) The county is the real party in interest, and the district attorney is the proper person to prosecute actions in the name of the county. (Pol. Code, sec. 4256, subd. 3; County Government Act, sec. 136.) If it be admitted that a taxpayer has the right, even in the absence of an express statutory authority, to prosecute actions of this kind, yet facts should be alleged showing refusal or neglect on the part of the proper officer to institute an action. (*Brown* v. *C. P. R. R. Co.,* 72 Cal. 523.) As the money was obtained upon the warrant, the granting of the writ would be an idle act, and the law neither does nor requires idle acts. (Civ. Code, sec. 3532; see *Morton* v. *Superior Court,* 65 Cal. 498.)

Vanclief, C. — Petition to the superior court for a writ of review for the purpose of annulling an order of the respondent board, allowing a claim of James McClatchy & Co. against the county for advertising. The court sustained a general demurrer to the petition, and thereupon, the petitioner declining to amend, rendered judgment for respondent. Whether or not the court erred in sustaining the demurrer is the only question presented for decision.

The petition shows that the petitioner is a resident, citizen, and tax-payer of Sacramento County; that on or about the eleventh day of April, 1891, the respondent heard and considered the claim of McClatchy & Co. for $1,567, for advertising, and allowed it to the extent of $1,317; that immediately thereafter, on the same day, McClatchy & Co. procured a warrant therefor from the county auditor, and obtained the money on the warrant from the county treasurer; and "that the said claim or bill of the said firm, so heard, considered, and allowed by respondent, was not duly or otherwise verified as to its correctness, and no claim therefor duly or otherwise verified was ever presented to or filed with the clerk of said board."

It is also stated that because the claim was not verified the board had no jurisdiction to consider or allow it; and "that petitioner has no plain, speedy, or adequate remedy at law."

1. Conceding that the action of the board of supervisors was unauthorized and in excess of its jurisdiction, and that the money was wrongfully and unlawfully obtained from the county treasury, I think the relief sought, and all relief that could be given in this proceeding, viz., the annulment of the order of the board allowing the claim, would be of no material or beneficial consequence to the petitioner or to the county. It would not restore to the county treasury the money obtained by McClatchy & Co., nor would the judgment be competent evidence in a suit by the county against McClatchy & Co., the county auditor, or the treasurer, as neither of them is a party to this proceeding; and if an action by the county against the individual members of the board can be maintained on the facts stated in the petition, the alleged fact that the claim of McClatchy & Co. was not verified, and all other facts necessary to prove the nullity of the order of the board, may be proved in such action by any evidence which would be competent to prove them in this proceeding. "The law neither does nor requires idle acts." (Civ.

Code, sec. 3532.) A court will not exercise a power for no material or useful purpose (*Huntington* v. *Nicoll,* 3 Johns. 598), and will refuse a writ of *mandamus* if it appears that it can have no beneficial effect. (*People* v. *Supervisors,* 12 Barb. 222.)

2. A remedy for the wrong complained of is provided by section 8 of the County Government Act, as follows:—

"Sec. 8. Hereafter, whenever any board of supervisors shall, without authority of law, order any money paid as a salary, fees, or for any other purposes, and such money shall have been actually paid, . . . . the district attorney of such county is hereby empowered, and it is hereby made his duty, to institute suit in the name of the county against such person or persons to recover the money so paid, and twenty per cent damages for the use thereof; and no order of the board of supervisors therefor shall be necessary to maintain such suit."

This seems to be a plain, speedy, and adequate remedy at law, available to the petitioner, or to any other tax-payer of the county, by complaint to the district attorney; and, to say the least, the interest which a mere tax-payer has in the matter does not entitle him to bring suit in his own name until after the district attorney has refused to perform the duty enjoined upon him by the eighth section of the County Government Act.

The petition does not show that any information of the alleged wrong has been laid before the district attorney, nor that he has failed or refused to perform his duty.

I think the judgment should be affirmed.

Foote, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

Paterson, J., Garoutte, J., McFarland, J.