PEOPLE ex rel. PECHTOLD v. BOGART, Commissioner of Licenses.

(Supreme Court, Appellate Division, Second Department.  December 23, 1907.)

1. CERTIORARI—NECESSITY FOR REVIEW—POSSIBILITY OF RELIEF.

On certiorari to review the revocation of an employment bureau license, where it appears that the writ was dated some two or three weeks prior to the expiration of the license by its own limitations under the law, and the hearing is not had until after such date of expiration, substantial relief cannot be granted, and the court may refuse to review.

2. LICENSES—OCCUPATIONS—REVOCATION—NOTICE—STATUTORY PROVISIONS.

Laws 1906, p. 837, c. 327, § 8, relating to regulation of employment agencies, provides that reasonable notice, of not less than one day, of charges against a licensee, shall be given in writing by serving upon him a concise statement of the facts constituting the complaint.  Notice was served February 27th, and the hearing was held March 1st.  The charge was somewhat lacking in conciseness, but there was no objection at the hearing and no suggestion that the licensee did not understand what it was about, and the record did not disclose that she requested counsel, or an adjournment, or that she was deprived of the rights or privileges claimed on certiorari.  *Held*, that the notice was sufficient to sustain a revocation.

Certiorari by the people, on the relation of Amalia Pechtold, against John Bogart, as commissioner of licenses of the city of New York. Final order for defendant.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Harry E. Shirk, for relator.

James D. Bell (Edward Lazansky, on the brief), for defendant.

WOODWARD, J.  The relator held a license to conduct an employment bureau or agency issued to her on the 15th day of June, 1906, which, under the terms of the statute (chapter 327, p. 831, Laws 1906), expired by its own limitations on the first Tuesday of May next ensuing; the petition for the writ herein being dated on the 16th day of April, 1907.  It appears, therefore, that this court, upon a writ of certiorari, is without power to give any substantial relief, even should we reach the conclusion that the relator was not properly deprived of her license.  A license which expired by express provisions of the statute on the first Tuesday of May, 1907, could not be given any vitality by an order of this court after that date.

We are of opinion, however, that the matters urged here have no substantial basis in fact.  The statute requires that the licensed person shall be served with a reasonable notice, not less than one day, of the charges.  The notice was served on the 27th day of February, and the hearing was held on the 1st day of March.  We think under the provisions of this statute, in the absence of special reasons, this was a reasonable notice.  While the charge was lacking, perhaps, in some of the elements of conciseness, there was no objection made to it at the time of the hearing, and there is no suggestion that the relator did not understand what it was about.  The record does not disclose that she made any request for counsel, or for an adjournment, or that she was deprived of any of the rights or privileges which she now claims be-

longed to her. The evidence is sufficient to warrant the exercise of the discretion vested to revoke the license.

Final order for the defendant, with costs. All concur.