[Civ. No. 614.   First Appellate District.—August 31, 1909.]

THOMAS REAGAN, Respondent, v. GEORGE H. BAHRS, RICHARD CORNELIUS and MATTHEW BRADY, as Civil Service Commissioners of the City and County of San Francisco, Appellants.

CERTIORARI—ORDER FUNCTUS OFFICIO—TEMPORARY APPOINTMENT OF SUPERINTENDENT OF STREET REPAIRS OF SAN FRANCISCO.—The writ of *certiorari* will not lie to annul an order of the civil service commissioners of San Francisco making a temporary appointment of superintendent of street repairs in pursuance of the San Francisco charter for a period of sixty days to prevent a stoppage of public business or to meet extraordinary exigencies, until a regular appointment can be made under the classified service, where the writ was not applied for until seven months after the date of the order, and five months after the term of the appointee under the order had expired and the order had become *functus officio*.

ID.—IMPROPER ANNULMENT OF ORDER—ABSENCE OF BENEFICIAL EFFECT—CLAIMED RIGHT OF PERMANENT APPOINTMENT.—The annulment of the order by the trial court, though at suit of one claiming the right to a permanent appointment under the classified service, will be reversed upon appeal, where it is manifest that it can have no

beneficial effect on the rights of the plaintiff to an appointment from the board of public works which is not a party to this proceeding, and could not bind nor affect the rights of the temporary appointee to his compensation, neither he nor the auditor nor treasurer being parties hereto.

Id.—Idle Acts—Useless Action of Court.—The law neither does nor requires idle acts; nor will a court exercise a power for no material or useful purpose.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Buck, Judge Presiding.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and John T. Nourse, Assistant City Attorney, for Appellants.

Charles H. Forbes, and J. J. Guilfoyle, Jr., for Respondent.

HALL, J.—Plaintiff brought a proceeding in *certiorari* in the superior court for the purpose of obtaining a judgment annulling an order made by the civil service commissioners, approving the appointment theretofore temporarily made by the board of public works, of one P. Broderick to the position of superintendent of street repairs.

Plaintiff's interest in the matter is based on the claim that the position of superintendent of street repairs is the same as superintendent of stone pavements, to which position he was entitled to be appointed when vacant as being first in the list of eligibles on the civil service list, and that the creation of the office of superintendent of street repairs by the board of public works was a subterfuge.

Plaintiff succeeded in obtaining a judgment annulling the order made by the civil service commissioners approving the temporary appointment of Broderick.

We think this judgment should be reversed. While the charter makes provision for a classified civil service, and lists of eligibles from which permanent appointments must be made, it also provides for temporary appointments good for sixty days only.

Section 10 of article XIII of the charter is as follows: "To prevent the stoppage of public business, or to meet extraor-

dinary exigencies, the head of any department or office may, with the approval of the commissioners, make temporary appointments, to remain in force not exceeding sixty days, and only until regular appointments under the provisions of this article can be made.''

It was under this section that the civil service commissioners acted. This proceeding was not brought until seven months after the making of the order complained of, and five months after the term of the appointee under the order had expired. The force and effect of the order had expired, and the order had become *functus officio* before the action was brought.

The judgment annulling the order in an action against the civil service commissioners could have no beneficial effect on the rights of plaintiff. It would not bind or affect the board of public works in any proceeding that plaintiff might bring to enforce his claimed right to a permanent appointment to the position of superintendent of stone pavements, for such board is not a party to this action. For the same reason it would not bind or affect the rights of Broderick, or the auditor, or treasurer, in any proceeding brought to enforce Broderick's claim to his salary, for none of them are parties to this proceeding.

The principles laid down in *Burr* v. *Board of Supervisors,* 96 Cal. 210, [31 Pac. 38], control this case. It was there sought, in an action brought by a taxpayer, to annul an order of the board of supervisors approving a claim against the county, upon which the money had in fact been paid before the action was brought. The court said: ''Conceding that the action of the board of supervisors was unauthorized and in excess of its jurisdiction, and that the money was wrongfully and unlawfully obtained from the county treasury, I think the relief sought, and all relief that could be given in this proceeding, viz., the annulment of the order of the board allowing the claim, would be of no material or beneficial consequence to the petitioner or to the county. It would not restore to the county treasury the money obtained by McClatchy & Co., nor would the judgment be competent evidence in a suit by the county against McClatchy & Co., the county auditor or the treasurer, as neither of them is a party to this proceeding. . . . 'The law neither does nor requires idle acts.'

(Civ. Code, sec. 3532.)   A court will not exercise a power for no material or useful purpose (*Huntington* v. *Nicoll*, 3 Johns. 598), and will refuse a writ of *mandamus* if it appears that it can have no beneficial effect (*People* v. *Supervisors*, 12 Barb. 222).''

The judgment is reversed, and the court directed to dismiss the writ.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 29, 1909.