[Civ. No. 3282.  Second Appellate District, Division Two.—July 22, 1920.]

## MARY MANOOGIAN, Petitioner, v. SUPERIOR COURT OF IMPERIAL COUNTY, Respondent.

[1] ESTATES OF DECEASED PERSONS—SPECIAL ADMINISTRATION—FUNCTUS OFFICIO ORDERS—CERTIORARI.—Where certain orders, under which it is assumed that a special administrator claims authority to pay out certain sums of money for the harvesting and marketing of a crop of grapes belonging to the decedent and for the satisfaction of a chattel mortgage on said crop, have served their purpose and become *functus officio,* the writ of review will not be granted, upon the application of an heir of the deceased, to annul them, notwithstanding they were in excess of the court's jurisdiction.

[2] ID.—VOID ORDERS — WRONGFUL PAYMENTS — SETTLEMENT OF ACCOUNT—APPEAL.—If such orders are beyond the jurisdiction of the court, they will afford no protection to the special administrator

because of the payment of those sums; and if such payments are made by the special administrator wrongfully and without authority and the same are allowed by the superior court in the settlement of his account, an heir has a plain, speedy, and adequate remedy by appeal from the order settling such account.

PROCEEDING in Certiorari to review certain orders of the Superior Court of Imperial County and Franklin J. Cole, Judge thereof, in a special administration proceeding. Writ dismissed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Petitioner.

Ault & Anderson, Guy L. Rockwell and H. B. Stewart for Respondent.

FINLAYSON, P. J.—This is an original application for a writ of review to annul two orders of the superior court of Imperial County, made in the *Matter of the Estate of M. Manoogian, Deceased,* on, respectively, July 24, 1919, and March 3, 1920, and under which petitioner assumes that the special administrator claims authority for the payment by him of six thousand dollars, commission for the picking, packing, shipping, and marketing of certain grapes, and the payment of the further sum of nine thousand dollars to a certain bank to satisfy notes that the decedent, in his lifetime, had executed to the bank, and secured by a chattel mortgage on the grapes. No creditor's claim, as provided by section 1494 of the Code of Civil Procedure, was ever filed or presented for either of these disbursements. Petitioner claims that neither payment was authorized by the orders here sought to be annulled, for the reason that each order was, as she claims, in excess of the court's jurisdiction.

Petitioner is the widow of Manoog Manoogian, deceased, and as such one of his heirs. Her husband died intestate on July 7, 1918, leaving an estate in Imperial County consisting, in part, of a crop of perishable fruit, viz., a crop of grapes. This grape crop, the intestate, in his lifetime, had mortgaged to the American State Bank of Brawley to secure his notes to the bank for twelve thousand dollars. At

the time of his death the notes were overdue, and the bank, which had taken possession of the crop under the mortgage, was then actually engaged in picking, packing, shipping, and marketing the grapes. The intestate, prior to his death, had entered into a contract with J. Schoenburg Company to do the picking, packing, shipping, and marketing. On July 10, 1918, Peter P. Hovley was appointed special administrator. The original minute entry of the order appointing Hovley was no more than the entry of an order appointing him special administrator, and did not purport to confer upon him any special powers. The bank refused to deliver to the special administrator any of the grapes unless and until the balance due to it on the notes, amounting to about nine thousand dollars, was paid. Wherefore the special administrator filed in the superior court a petition setting forth the facts relative to the notes and mortgage to the bank and the bank's refusal to surrender possession of the grapes unless paid the balance due it; also the decedent's arrangement with J. Schoenburg Company. Thereupon the court, on July 24, 1919, made its order, entered *nunc pro tunc* as of July 10, 1918, the date of Hovley's appointment, which, after reciting the facts set forth in the petition, is as follows: "It is hereby ordered that Peter P. Hovley, special administrator of the estate of M. Manoogian, deceased, make such guarantee as shall be necessary to obtain possession from American State Bank of the aforesaid crop of grapes; that said special administrator proceed with the picking, packing, shipping and marketing of said grapes; that said crop of grapes be marketed through J. Schoenburg Company of Chicago, Illinois, in accordance with the terms of a contract entered into by and between deceased and said J. Schoenburg Company prior to the death of deceased, and that said special administrator pay to said J. Schoenburg Company a commission of —— per cent (——%); that said special administrator be and he is hereby authorized and directed to make such other expenditures from the funds of said estate and from the returns of said crop of grapes as he shall find necessary for the proper care, picking, packing, shipping and marketing of said grapes, and for the benefit and profit of the estate of deceased."

This is one of the orders sought to be annulled by this proceeding.

Prior to the *nunc pro tunc* order so made on July 24, 1919, viz., in August, 1918, the special administrator had paid the American State Bank of Brawley the balance due to it on decedent's notes, had received from the bank possession of the crop of grapes, and had picked, packed, shipped, and marketed them through said J. Schoenburg Company, paying the latter for its services about six thousand dollars.

On March 3, 1920, the special administrator filed with the superior court affidavits showing that, at the time when he was appointed the court had made an order conferring upon him authority to pay the bank the balance due to it, if necessary to do so in order to obtain possession of the grapes, and also to pay a commission to J. Schoenburg Company, but that, owing to a clerical error or oversight, such order was not entered in the minutes. Thereupon the superior court ordered the clerk to correct his minutes by adding to the entry of the order appointing Hovley special administrator the following: "And said Peter P. Hovley is hereby authorized and instructed to do all things and to perform all acts necessary for the preservation of the estate and the whole thereof of the deceased; to pay off from the first available funds of said estate whatever liens or debts it may be necessary to pay in order to obtain for the special administrator aforesaid possession of said estate and the whole thereof, and to expend whatever moneys may be necessary in obtaining possession, and in picking, harvesting, packing, shipping and marketing that certain crop of grapes heretofore taken over by the American State Bank of Brawley, by virtue of a crop mortgage, and to keep a careful account, and to render to this court upon demand thereof, a full, true and accurate accounting of all transactions had in the handling of the property of said estate, and more particularly of the grape crop aforesaid."

Claiming that this order was beyond the superior court's jurisdiction, petitioner seeks to have it annulled by the judgment of this court in this proceeding.

[1] Assuming that each of the orders so sought to be annulled was in excess of the superior court's jurisdiction, and that, therefore, the payments by the special administrator to the bank and J. Schoenburg Company were unauthorized, nevertheless, we think that the relief sought herein, and all the relief that could be given in this proceed-

ing, viz., the annulment of the orders, would be of no material or beneficial consequence to the petitioner here. It would not restore to the estate the money paid by the special administrator. The force of each of the orders has spent itself. Each order has served its purpose, in so far as it may be claimed that either ever had any force or effect. Each order has become *functus officio.* Nor could any judgment that might be entered herein be competent evidence against the special administrator, who is not a party to this proceeding. The writ of review will not be granted where no beneficial result will follow. (*Burr* v. *Supervisors,* 96 Cal. 210, [31 Pac. 38] ; *Reagan* v. *Bahrs,* 11 Cal. App. 234, [104 Pac. 589] ; 6 Cyc. 747.)

[2] Moreover, petitioner has a plain, speedy, and adequate remedy. If, as petitioner claims, each of the orders to which she objects was without and beyond the court's jurisdiction, then each is a void order; and if void, no protection will or can be afforded the special administrator thereby. The special administrator must render an account, on oath, in like manner as other administrators. (Sec. 1417, Code Civ. Proc.) If, on the settlement of the special administrator's account, the superior court shall refuse to allow these payments as proper items of disbursement, then petitioner, as an heir of decedent, will not be prejudiced by either of the orders of which she complains. If, on the other hand, in settling the special administrator's account, the superior court shall allow either the payment to the bank or that made to J. Schoenburg Company, and if the orders that petitioner is here seeking to have annulled were not within the court's jurisdiction, and, consequently, are void, as claimed by petitioner, nevertheless, there still will remain the right of appeal from the order settling the account. (Subd. 3, sec. 963, Code Civ. Proc.) Thus there is afforded petitioner, by such right to appeal from any order settling the special administrator's account, a plain, speedy, and adequate remedy. (See *Burr* v. *Supervisors, supra.*)

It is not incumbent upon us to anticipate the action that hereafter may be taken by the superior court in settling the special administrator's account, or that may be taken by the referee who was appointed by that court to state and take the account. It does not devolve upon us to pass upon the validity of either of the orders of which petitioner com-

plains, merely to afford guidance to the superior court, or to the referee appointed by it, in its or his future conduct during the administration of the estate. The special administrator is not a party to this proceeding; and whatever his rights may be when the time arrives for settling his accounts in the superior court, they should not be concluded until he has had his day in court.

The writ is dismissed.

Thomas, J., and Weller, J., concurred.