GRAY v. YELLOWLEY, Acting Federal Prohibition Director for State of New York, et al.

(District Court, E. D. of New York. March 14, 1923.)

1. Injunction ⏥136(1)—Insufficiency of citation to revoke druggist's permit and objection thereto on hearing before prohibition officers not ground for preliminary injunction against enforcing order.

That a citation by prohibition enforcement officials to a retail druggist in proceedings to revoke his permit to sell intoxicating liquors was insufficient, and that a motion to dismiss on this ground was made before the prohibition agent, does not in itself justify a preliminary injunction to restrain the enforcement of the order, where the complainant proceeded with the hearing before the agent.

⏥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Injunction ⬚146—In proceedings to review revocation of druggist's permit, preliminary injunction refused, where material allegations of bill denied.**

In a suit in equity, pursuant to National Prohibition Law, §§ 5, 9, to review the action of prohibition enforcement officers in revoking a retail druggist's permit to sell liquors, a preliminary injunction to restrain enforcement of the order will be denied, where the answer denied the material allegations of the bill of complaint.

**3. Injunction ⬚137(4)—Preliminary injunction to restrain enforcement of order revoking druggist's permit properly denied.**

In a suit in equity pursuant to National Prohibition Law, §§ 5, 9, to review the action of prohibition enforcement officials in revoking a retail druggist's permit, where the defendant was charged with dispensing intoxicating liquors on forged prescriptions, and that he had not used due diligence to ascertain their authenticity, *held*, in view of the evidence taken on the hearing before the prohibition agent, that a preliminary injunction should not be granted to restrain the enforcement of the order revoking the permit, which would give to the complainant relief as great as he would obtain if successful on a trial, especially where it was not shown that the enforcement officers were acting in bad faith.

In Equity. Suit by Nathan Gray, trading as Gray's Pharmacy, against Edward C. Yellowley, acting Federal Prohibition Director for the State of New York, and another, to review the action of the prohibition officials in revoking his retail druggist's permit to sell intoxicating liquors. On motion for injunction pendente lite to restrain defendants from carrying out such order. Injunction denied.

Meyer Kraushaar, of New York City (Emanuel Celler, of New York City, of counsel), for complainant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City, for defendant.

CAMPBELL, District Judge. The complainant, who was a retail druggist, has commenced an action in equity, in pursuance of sections 5 and 9 of the National Prohibition Law (41 Stat. 309), to review the action of the prohibition officials in revoking his permit, the order of revocation being dated February 5, 1923, and now seeks on this motion an injunction pendente lite to restrain the defendants from carrying out such order.

It appears that the defendants claim that a very large number of the prescriptions upon which intoxicating liquor was dispensed by the complainant during the year preceding the date of cancellation of the permit were on forged and counterfeit prescription blanks, and that the complainant had not exercised due diligence to ascertain their authenticity. The complainant contends that the citation, on which the hearing before the prohibition agent in charge of revocation proceedings was had, was insufficient.

[1] A motion to dismiss on this ground was made before the agent, and denied, and I do not think that that in itself justifies the relief asked for on this motion, because, without deciding the question raised, it would seem to me that, the complainant having proceeded with that

hearing, it should be held that the notice was sufficient. People v. Bogart, 122 App. Div. 872, 107 N. Y. Supp. 831.

[2] In any event, the question here presented is one of law and fact, as the defendants by their answer have denied the material allegations of the bill of complaint, and therefore under the decisions an injunction pendente lite should not be granted.

[3] In addition, however, to the reasons heretofore assigned, it seems to me that the charges made, as to which testimony was taken before the prohibition agent, are such that relief should not'be granted during the pendency of the action, which would be as great as the complainant would obtain if successful on a trial, especially when it is not shown that the officers charged with the enforcement of the law were acting in bad faith.

The complainant devoted much of his argument to the question of whether it could be said that he acted in bad faith. If that question is to be determined, it should be on the trial of the action, and not on a motion for an injunction pendente lite. But it may be said, in passing, that the number of prescriptions as to which the defendants object is sufficiently large to present a serious question as to the care and good faith exercised and shown by the complainant.

I therefore conclude that the injunction asked for should not be granted.