[Civ. No. 4123.  Second Appellate District, Division Two.—April 25, 1923.]

## J. J. EISEMAN, Petitioner, v. EDWIN H. DAUGHERTY, as Commissioner of Corporations, etc., Respondent.

[1] CORPORATE SECURITIES ACT—REVOCATION OF BROKER'S LICENSE—EFFECT ON PROCURING OF FUTURE LICENSE—CERTIORARI—ASSUMPTION.—On a proceeding in *certiorari* to annul an order of the commissioner of corporations revoking the license of a broker, the appellate court will not assume that if the order revoking the license of petitioner is allowed to stand it will be difficult for him to procure a license as a broker for the current or for future years, but, on the contrary, that court is bound to assume that the commissioner will issue to petitioner a broker's certificate at any time he shows himself entitled to it.

[2] ID.—EXPIRATION OF LICENSE BY STATUTORY PROVISION—CERTIORARI—MOOT PROCEEDING.—A writ of review to annul an order of the commissioner of corporations revoking the license of a broker must be discharged where the license expires by express provision of the Corporate Securities Act (Stats. 1917, p. 677) before the proceeding is submitted for decision.

PROCEEDING in Certiorari to annul an order of the commissioner of corporations revoking a broker's license. Writ discharged.

The facts are stated in the opinion of the court.

Roy A. Bronson and R. L. Carlisle for Petitioner.

U. S. Webb, Attorney-General, and John W. Maltman and H. H. Linney, Deputies Attorney-General, for Respondent.

WORKS, J.—In this proceeding for review petitioner seeks to annul an order made by respondent and revoking petitioner's license as a broker, granted to him under the terms of the Corporate Securities Act, so called. The writ of review issued and respondent has made due return thereto.

The license was for the calendar year 1922. The Corporate Securities Act contains a section to the effect that every

certificate licensing a broker "shall expire on the thirty-first day of December next after its issuance, unless sooner revoked" (Stats. 1917, p. 677, sec. 5; Deering's Consol. Supp. Gen. Laws, 1917–21, p. 1450). Petitioner's application for the writ of review was filed November 8, 1922, his opening brief in support of the petition was filed December 27, 1922, respondent's brief was filed January 23, 1923, and petitioner's reply brief was filed March 2, 1923, after which last date we made our order submitting the proceeding for decision.

Respondent contends that the proceeding is now moot. Under exactly similar conditions a court of another jurisdiction said, after stating the facts, "It appears, therefore, that this court, upon a writ of *certiorari,* is without power to give any substantial relief, even should we reach the conclusion that the relator was not properly deprived of her license. A license which expired by express provisions of the statute on the first Tuesday of May, 1907, could not be given any vitality by an order of this court after that date" (*People* v. *Bogart,* 122 App. Div. 872 [107 N. Y. Supp. 831]). This court has said, upon facts which make the case applicable here, "The writ of review will not be granted where no beneficial result will follow" (*Manoogian* v. *Superior Court,* 48 Cal. App. 609 [192 Pac. 168]). [1] The only contention made by petitioner in response to the point presented by respondent is that if the order revoking the license is allowed to stand it will be difficult for him to procure a license as a broker for this or for future years, the alleged manner in which he conducted his business under the license being the cause for its revocation. This we cannot assume. On the contrary, we are bound to assume that respondent will issue to petitioner a broker's certificate at any time that he shows himself entitled to it. However, whatever we may assume on this question is beside the mark. The only point really before us is whether petitioner was legally and constitutionally deprived of his license for the year 1922. [2] As, even if the order of respondent had not been made, his certificate would have expired with that year, there is no substantial question left for us to decide. The writ of review should be discharged, as that is the

proper practice in such a situation (*Visalia Water Co.* v. *Superior Court*, 120 Cal. 219 [52 Pac. 485]).

Writ discharged.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1923.