## GOLDBERG v. YELLOWLEY, Acting Federal Prohibition Director, et al.

(District Court, E. D. New York. May 9, 1923.)

1. **Intoxicating liquors ⊜⟶108(2)—Insufficiency of citation to hearing to cancel druggist's permit held waived.**

   Insufficiency of citation to hearing to revoke retail druggist's permit was waived by the druggist, where without objection he went on with the hearing on the citation.

2. **Intoxicating liquors ⊜⟶108(5)—Druggist's permit held properly revoked under the evidence.**

   Under National Prohibition Law, tit. 2, § 8, as to prescriptions for liquor, revocation of retail druggist's permit, on showing that over 500 out of 1,500 prescriptions filled by him were forged or counterfeit, *held* proper, despite his claim that they were accepted in good faith, and that he did not fill all prescriptions himself, but that they were filled by clerks, and that he did a large business.

In Equity. Suit by Jacob J. Goldberg against Edward C. Yellowley, acting Federal Prohibition Director for the State of New York, and another. Judgment dismissing complaint on merits.

Meyer Kraushaar, of New York City (Emanuel Celler, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City, for defendants.

CAMPBELL, District Judge. This is an action in equity to compel the defendants to issue a retail druggist's permit to the plaintiff.

[1] The plaintiff was the holder of a permit which was revoked by the defendants after a hearing accorded to the plaintiff on the return of the citation served on him. The plaintiff complains that the

citation was not sufficient in law, because it did not state the exact charge he was to answer. If this is a trial de novo, and not merely a review, the question of the sufficiency of the citation cannot arise; but in any event the plaintiff cannot now be heard to complain, because, without objection, he went on with the hearing on said citation. People v. Bogart, 122 App. Div. 872, 107 N. Y. Supp. 831.

[2] The permit to sell intoxicating liquor by a druggist is a privilege accorded to him by the government, and may be coupled with any reasonable conditions. The person who receives such a permit does so with the knowledge that he must exercise due diligence to ascertain the authenticity of the prescriptions for liquor fit for beverage purposes which he sells. So much of the National Prohibition Law (41 Stat. 305) as is necessary for consideration on this point reads as follows:

"Sec. 8. The commissioner shall cause to be printed blanks for the prescriptions herein required, and he shall furnish the same, free of cost, to physicians holding permits to prescribe. * * * No physician shall prescribe and no pharmacist shall fill any prescription for liquor except on blanks so provided, except in cases of emergency, in which event a record and report shall be made and kept as in other cases." Title 2, § 8.

In addition to the provisions of the law quoted, plaintiff admitted receipt of an order, direction, or promulgation from the prohibition office cautioning him about prescriptions. The law was enacted for a certain definite purpose, which is expressed therein:

"That the use of intoxicating liquor as a beverage may be prevented." National Prohibition Act, tit. 2, § 3.

And it should be enforced, but enforcement would be rendered impossible if the permittee could relieve himself from blame for accepting forged and counterfeit prescriptions, by simply saying that they were accepted in what he calls "good faith," and that he did not fill all prescriptions himself, but that some were filled by clerks, and that he did a large business.

Lack of good faith can be shown, not only by what a person says, but by what he does or fails to do. Good faith, or the want of it, is not a visible, tangible fact, that can be seen and touched, but rather a state or condition of mind, which can only be judged of by actual or fancied tokens and signs. Wilder v. Gilman, 55 Vt. 504.

Judged by his acts, it is impossible for me to believe that the plaintiff acted in good faith, or made any reasonable effort, much less used due diligence, to see that no intoxicating liquor, fit for beverage purposes, was dispensed in his store on forged or counterfeit prescriptions. When I consider that his permit was revoked by the defendants because over 500 out of about 1,500 prescriptions (in other words 1 out of 3) were held to be forged or counterfeit, and there has been no evidence offered by plaintiff which contradicts that holding, the defendants were fully justified in revoking the permit of the plaintiff, and he has not shown himself entitled to any equitable relief.

Much argument was had at the opening of the trial as to whether this trial was merely a review of the action of the defendants in revoking the permit, which would have confined it to the testimony

taken in that proceeding, and I felt bound to hold that it was a trial de novo, on the authority of O'Sullivan v. Potter (D. C. Mass., January 2, 1923, opinion by Judge Anderson) 290 Fed. 844. If this determination was right, then it was the duty of the plaintiff to show that the defendants acted illegally in revoking plaintiff's permit, because the burden of proof was on the one who alleged, and he was bound to show himself entitled to the equitable relief he sought. But the plaintiff did not do more than offer his testimony that he acted in good faith, which to me was not convincing, and the defendants offered no testimony, relying on the cross-examination of the plaintiff.

The plaintiff not having made out a case, the bill of complaint should be dismissed on that ground alone; but I prefer to base my decision on the broader ground, that on the merits the bill of the plaintiff should be dismissed, because the action of the defendants in revoking the plaintiff's permit was justified by the facts and in accordance with the law. I find that the acts of the defendants in revoking the plaintiff's permit were proper and legal, and that the plaintiff has not made out a case entitling him to equitable relief. I therefore deny the plaintiff's motion for judgment, and grant the defendants' motion to dismiss the bill of complaint on the merits.

Judgment awarded to the defendants against the plaintiff, dismissing the bill of complaint on the merits, with costs.