**VELVO CHEMICAL LABORATORIES, Inc., v. MELLON, Secretary of the Treasury, et al.**

(District Court, E. D. New York. June 8, 1926.)

No. 2172.

Intoxicating liquors ⬤⟹108(10).

In suit to review action of commissioner in revoking permit under Prohibition Act, tit. 2, § 9 (Comp. St. Supp. 1923, § 10138½dd), the hearing is de novo, and sufficiency of citation cannot arise.

In Equity. Suit by the Velvo Chemical Laboratories, Inc., against Andrew W. Mellon, Secretary of the Treasury, and others. Judgment for defendants.

Rudolf T. Roetschi, of New York City, for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendants.

MOSCOWITZ, District Judge. This is a suit in equity to have the action of the defendant in revoking the permit of the plaintiff to use specially denatured alcohol in the manufacture of hair tonic and certain toilet articles set aside and to reinstate the permit. No evidence was taken on the trial. It was stipulated that this court should base its decision upon the testimony taken before the Commissioner.

The judicial review of these proceedings is a trial de novo (O'Sullivan v. Potter [D. C.] 290 F. 844; Goldberg v. Yellowley [D. C.] 290 F. 389; Hoell v. Mellon [D. C.] 4 F. [2d] 859), and as such the sufficiency of the citation cannot arise (Goldberg v. Yellowley, supra; Schnitzler v. Yellowley [D. C.] 290 F. 849). But I have concluded that the citation is sufficient. The Commissioner has exercised a judicial discretion and I do not find an abuse thereof. I am fully in accord with the conclusion reached by him.

Judgment is therefore granted to the defendant against the plaintiff, dismissing the plaintiff's complaint, with costs.