## J. & A. MOESCHLIN, Inc., v. DORAN, Prohibition Commissioner, et al.

### No. 628.

District Court, M. D. Pennsylvania.

Feb. 25, 1930.

Francis A. Witmer, of Sunbury, Pa., and Abram Salsburg, of Wilkes-Barre, Pa., for complainant.

Richard Hay Woolsey and Edward C. Dougherty, both of Philadelphia, Pa., for defendants.

JOHNSON, District Judge.

This is a bill in equity to review the action of the Prohibition Commissioner in revoking the permit of J. & A. Moeschlin, Inc., under the provisions of section 9, title 2, of the National Prohibition Act, which section provides in part as follows: " *  *  * Should the permit be revoked by the Commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in section 14 hereof. *  *  *" 27 USCA § 21.

Section 5 of title 2 provides in part as follows: " *  *  * The manufacturer may by appropriate proceeding in a court of equity have the action of the Commissioner reviewed, and the court may affirm, modify, or reverse the finding of the Commissioner as the facts and law of the case may warrant. *  *  *" 27 USCA § 14.

■ The authority of the court on a bill to review the action of the Prohibition Commissioner in revoking a permit to operate a cereal beverage plant is defined by the Supreme Court of the United States in Ma-King Products Co. v. Blair, Commissioner, 271 U. S. 479, on page 483, 46 S. Ct. 544, 545, 70 L. Ed. 1046, as follows: "On the other hand, it is clear that Congress in providing that an adverse decision of the Commissioner might be reviewed in a court of equity, did not undertake to vest in the court the administrative function of determining whether or not the permit should be grant-

ed; but that this provision is to be construed, in the light of the well-established rule in analogous cases, as merely giving the court authority to determine whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious. See Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256, and cases cited."

In reviewing the decision of the Commissioner in revoking the permit, the question is whether the action of the Commissioner was lawful and supported by the evidence, or whether his action was based upon an error of law, or was wholly unsupported by the evidence, or was clearly arbitrary or capricious.

From the testimony, the hearer made five specific findings of fact which are as follows:

"1. That the permittee on or about January 5, 1928, did unlawfully and illegally manufacture and possess a certain quantity of intoxicating liquor fit for beverage purposes; to-wit, one hundred and seven (107) half barrels of beer, containing one-half of one per cent. or more of alcohol by volume;

"2. That the permittee did on or about January 5, 1928, unlawfully and illegally store and possess in a certain brick building formerly the property of the corporation in certain containers other than storage vats; to wit, half-barrels, a certain quantity of intoxicating liquor fit for beverage purposes; to-wit, one hundred and seven (107) half barrels of beer containing one-half of one per cent. or more of alcohol by volume;

"3. Charge No. 3 is dismissed for the reason that there was no evidence submitted to show that the Government agents were hindered, obstructed or interfered with in the inspection of the permittee's premises;

"4. That on or about January 5, 1928, the permittee did set up, erect, and maintain a common nuisance by unlawfully and illegally manufacturing, storing and possessing intoxicating liquor; to-wit, beer having an alcoholic content of one-half of one per cent. or more of alcohol by volume in a certain brick building formerly the property of said permittee;

"5. That the permittee has failed to comply with the provisions of the National Prohibition Act, and the regulations promulgated thereunder, and has thereby forfeited the confidence of the Government of the United States of America."

From the above findings of fact, the hearer made the following conclusion of law and recommendation:

"The hearer concludes as a matter of law that J. & A. Moeschlin, Inc. Cor. Packer and North Seventh sts, Sunbury, Northumberland County, Penna. holder of permit Pa. L–193 has in bad faith willfully violated the terms of said permit, the National Prohibition Act, and the regulations promulgated thereunder, and thereby has forfeited the confidence of the Government of the United States of America."

"The hearer recommends that permit Pa. L–193, issued to J. & A. Moeschlin Inc. Corner Packer and North Seventh Streets, Sunbury, Northumberland County, Penna., be *revoked.*"

On January 5, 1928, and for some time prior thereto, the complainant, J. & A. Moeschlin, Inc., was the holder of a permit issued by the Prohibition Administrator authorizing it to manufacture cereal beverage in its brewery located in the city of Sunbury, Pa. On the above date two prohibition agents visited the brewery premises, and, after an inspection, discovered a strong odor of beer emanating from a building which appeared to be the barn belonging to the brewery. The brewery office and the above barn were across the street from the brewery proper and the barn and the brewery office were separated by a small alley.

Upon being questioned, the officers of the brewery denied ownership of the barn and stated that the brewery company had conveyed the barn property by deed to one Henry Bosche, a little more than a year prior to this time. This was later found to be correct, although Bosche was never apprehended.

The agents secured a search warrant, entered the barn and found one hundred and seven barrels of beer which tested over one-half of one per centum of alcohol by volume. The barn floor was saturated with beer, and numerous implements used in racking off beer were discovered. As the agents entered the building, a man, identified as a part time employee of the brewery, jumped from the second story and was arrested.

In the barn the agents found a partly filled box of soda mint tablets which bore the name J. & A. Moeschlin, Inc., Sunbury, Pa., shipped September 20, 1927, by the American Railway Express Company, from F. Bing, New York City. A number of bills and papers bearing the name of the brew-

272

ery were also found. The barn was wired and a telephone installed.

On February 8, 1928, another inspection was made of the premises, and water and steam pipes were found leading from the brewery to the barn.

The permittee made a complete denial of any connection with the barn or any of the circumstances surrounding the alleged violation.

An examination of the evidence shows that the action of the Commissioner in revoking the permit was based upon the evidence.

■ The defendant contends that, since section 9 of title 2 of the National Prohibition Act (27 USCA § 21) requires the Commissioner, when he has reason to believe that any person who has a permit is not acting in good faith and conforming to the provisions of the Prohibition Act, immediately to issue an order citing such person to appear before him, and that the Prohibition Commissioner permitted a lapse of forty-two days before issuing the citation after he had knowledge of the alleged violation.

The Prohibition Commissioner contends that, while the citation charged the permittee with a violation on January 5, 1928, his investigation of the violation continued down to and included February 8, 1928, and that the evidence of the violation was not fully available to the Commissioner prior to February 8, 1928, and that the citation was issued February 17, 1928, within nine days of the completion of the violation. There is evidence on which this contention can be fairly based, and the court finds that the action of the Prohibition Commissioner was not unduly delayed. It appears furthermore that no objection on account of delay was made before the hearer, and therefore any objection that may have been made has been waived. Goldberg v. Yellowley, Acting Federal Prohibition Director et al. (D. C.) 290 F. 389.

The court finds that there was no abuse of the discretionary powers of the Prohibition Commissioner nor error of law in revoking the permit, and the bill is therefore, accordingly dismissed.

And now, February 25, 1930, this cause came on to be heard and was argued by counsel; and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the bill of complaint in the above-entitled cause be, and the same is hereby, dismissed.