[Civ. No. 7482. First Appellate District, Division Two.—July 26, 1930.]

PETER RICCI et al., Petitioners, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Daniel A. Ryan, Muriel C. Yearin and George F. Snyder for Petitioners.

Fernhoff & Sevier and V. Lewis Kaye for Respondents.

STURTEVANT, J.—This is an application for a writ of review. Heretofore Mary E. Lackey filed an application to be appointed guardian of the person and estate of Giorgio Ricci, a minor. After certain proceedings had, the court granted the application, and thereafter the minor's mother and father commenced this proceeding to obtain a judgment annulling the order appointing Mary E. Lackey as such guardian. In their petition the petitioners allege that they are husband and wife and that, at all times mentioned, they resided in the county of San Mateo, and that they are the parents of the said minor; that on the nineteenth day of November, 1928, Mary E. Lackey applied for letters of guardianship, which were granted upon her giving a bond in the sum of $500, and that thereupon she executed the bond; that no notice was given to petitioners of said application; that they had no notice thereof and did not learn of the fact until the sixth day of February, 1930, and that at that time the time to appeal had expired; that on the twenty-first day of February, 1929, the respondent court made an order giving Mary E. Lackey permission to fix the residence of said minor in the state of New York, and that thereafter Mary E. Lackey took said minor to the state of New York and said minor is now residing in said state. Continuing, the pleader pleads *in haec verba* the written application of Mary E. Lackey to be appointed guardian,

the order appointing her guardian and "the transcript of evidence at the hearing of said application." In the application for appointment as guardian the applicant pleaded *in haec verba* a relinquishment, which had been duly acknowledged, and is as follows:

"We, the undersigned, Peter Rich and Emma Johanna Rich, father and mother, respectively, of George Rich, also known as George Ricci, a minor, of the age of about six (6) years, do hereby relinquish any and all rights which either of us may have to the guardianship of the person and estate of said George Rich, also known as George Ricci, as natural guardians, and any and all rights which either of us may have to be appointed as guardian of the person and/or estate of said George Rich, also known as George Ricci, and consent to and request the appointment of Mary Elizabeth Lackey as guardian of the person and estate of said George Rich, also known as George Ricci, a minor, hereby waiving all notice of the hearing and of the time of the hearing of the petition of said Mary Elizabeth Lackey for appointment as guardian of the person and estate of said George Rich, also known as George Ricci, a minor."

The respondents have filed (1) a motion to strike out portions of petition for writ of review, (2) a motion to quash writ of review, and (3) a demurrer. In the view we take of the points involved it will not be necessary for us to consider anything except the demurrer.

The petitioners called to our attention that they were and are residents of San Mateo County and, therefore, San Mateo was the residence of their minor children, and that the Superior Court of Alameda County had no jurisdiction to entertain the guardianship proceedings. If that jurisdiction rested solely on residence, the point might be good. However, the jurisdiction to appoint guardians for the persons and estates of minors extends to those minors "who are inhabitants or residents of the County . . . " and is not confined solely to residence. (Code Civ. Proc., sec. 1747; *In re Raynor,* 74 Cal. 421 [16 Pac. 229]; *Estate of Taylor,* 131 Cal. 180, 182 [63 Pac. 345]; *Collins* v. *Superior Court,* 52 Cal. App. 579, 580 [199 Pac. 352]; *In re Green,* 67 Cal. App. 504, 506 [226 Pac. 76].) The petitioners earnestly contend it was error for the probate court to hear the application for appointment as guardian without

first causing notice to be served on the parents. The written relinquishment hereinabove set forth is a complete answer to the point. (Civ. Code, sec. 3513; *Smith* v. *Biscailuz,* 83 Cal. 344, 352–354 [21 Pac. 15, 23 Pac. 314]; *Walberg* v. *Underwood,* 39 Cal. App. 748 [180 Pac. 55].) But in this connection the petitioners cite authorities to the effect that the power to appoint a guardian is the exercise of a sovereign power, and that Code of Civil Procedure, section 1747 et seq., constitute "a law established for a public reason," and cannot be waived. The same argument could be applied to a divorce case. (*Deyoe* v. *Superior Court,* 140 Cal. 476 [98 Am. St. Rep. 73, 74 Pac. 28].) But no one would claim that a party to a divorce case could not waive a notice provided by statute.

It is next contended that the probate court was without power to permit the guardian to fix the residence of the minor in the state of New York. In this connection they cite and rely on subdivision 6 of section 52 of the Political Code, which provides: "Sec. 52. . . . 6. The residence of an unmarried minor who has a parent living can not be changed by either his own act or that of his guardian . . . " It appears at once that the statute does not fit the facts. In the instant case the residence was changed by permission of the probate court and was not solely the act of the minor or that of his guardian. Moreover, by section 1753 of the Code of Civil Procedure it is provided that the guardian "may fix the residence of the ward at any place in the state, but not elsewhere without the permission of the court." The statute last quoted certainly implies that the probate court has the implied power to make the order under attack. But the petitioners say the amendment of that section in 1907 was "intended to express the distinction between the guardian of the person and the guardian of the estate." (Commissioner's note.) That is quite clear if one examines and compares the first part of the section as amended with the old section. However, the comment has no application to the last sentence. The rule stated above is the rule which obtains generally ·(28 C. J. 1112) and our statute certainly contains no words showing that a different rule obtains in this state. Furthermore, the facts are that the order was made and the minor is now in New York and outside of the jurisdiction

of the courts of this state, and said courts are powerless to enforce any order they may make in the nature of canceling the so-called second order. Under such facts the courts refuse to take jurisdiction. (11 C. J. 129; *Burr* v. *Board of Supervisors*, 96 Cal. 210 [31 Pac. 38]; *Reagan* v. *Bahrs*, 11 Cal. App. 234 [104 Pac. 589].)

The demurrer is sustained and the temporary writ is discharged.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 23, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1930.