## BECK *v.* CURTI

No. 3091

May 31, 1935.                                    45 P. (2d) 601.

*J. M. Frame* and *W. M. Kearney,* for Appellant:

*J. W. Dignan,* for Respondent:

# OPINION

By the Court, COLEMAN, J.:

This is an action of conversion to recover the value of an automobile. Judgment was in favor of the plaintiff, from which, and an order denying defendant's motion for a new trial, an appeal has been taken. The parties will be referred to as plaintiff and defendant, as in the trial court.

The material facts of the case are these: In June, 1932, while engaged in running what was known as Beck Taxi Company, in Reno, the plaintiff informed one of his employees, a Mr. Brooks, that he was leaving for a short vacation, and requested him to run the business during Beck's absence. Beck owned several cars, among which was the one in question. Beck did not return for many months, nor did he communicate with anyone during his absence. Some time after Beck's departure, Brooks became incapacitated, and another employee, Mr. A. A. Heglen, undertook to run the business. At the time plaintiff left he was indebted to one Vail, who, during Beck's absence, brought suit upon said claim and caused the car in question to be attached in said proceedings. Thereafter, the said Heglen brought suit against the plaintiff herein, and caused a receiver to be appointed to take charge of all of the assets of the plaintiff. Subsequently, the court ordered the receiver to sell the

property of the plaintiff, and at such sale the defendant bid in the car in question, and possession thereof was surrendered to him. Thereafter, the appointment of said receiver was annulled by this court [see Electrical Products Corporation v. Second Judicial District Court, 55 Nev. 8, 23 P. (2d) 501] upon the ground that the lower court had no jurisdiction to appoint a receiver.

It is the theory of the plaintiff that the receivership proceedings were void for want of jurisdiction; hence the defendant obtained no title to the car in question. As we interpret the 51 pages of briefs and the oral argument of counsel for defendant, it is their contention that plaintiff is attempting to collaterally attack the receivership proceedings, which they say cannot be done in this action, and, secondly, that plaintiff is estopped from attacking the validity of said receivership proceedings.

The plaintiff, to sustain his cause of action, introduced testimony of his ownership of the business mentioned, of the car in question, of his departure, and the designation of Mr. Brooks to run the business during his absence; of being afflicted with amnesia, of regaining his memory, and return to Reno, to find that his business had been placed in the hands of a receiver. He then offered in evidence certain of the pleadings and proceedings in the receivership matter. Counsel for the defendant objected to the introduction of the pleadings and proceedings, except the order appointing the receiver, the order directing the sale of the property, and the order confirming the sale. His objection was on the ground that the evidence offered was in an attempt to collaterally attack the judgment of a court of general jurisdiction, which could not be done in the circumstances of the matter. The court overruled the objection and admitted the tendered record. Thereafter, all of the records and files in that matter were admitted. In his oral opinion rendered upon the conclusion of the trial of the case, the learned trial judge said: "In other words, the affirmative defense

first lays claim to the property by virtue of a receiver sale; and, second, the defense that the plaintiff is estopped to deny title to the property. Both of defendant's defenses must fail."

We will not undertake to follow counsel for defendant in their argument, but will endeavor simply to apply the rules of law applicable to the facts.

It seems to be the theory of counsel for defendant that the trial court did not determine for itself that the receivership proceedings in question were void, but accepted the judgment of this court in the certiorari proceeding mentioned, on that point, and hence contend that such judgment could not bind the defendant; citing in support of the contention Burr v. Board of Supervisors of Sacramento County, 96 Cal. 210, 31 P. 38, and Reagan v. Bahrs et al., 11 Cal. App. 234, 104 P. 589.

██ We do not interpret the action of the trial court as accepting the judgment of this court, as contended. What was the theory of the plaintiff in offering the record in the receivership, and why did the lower court admit it, if the contention is well founded? It. is true there is nothing in the record specifically stating what the theory of the trial court was, but from its rulings we must conclude it based its judgment upon the evidence. The evidence was the same as that considered by this court when it reviewed the receivership proceedings in the matter mentioned, and it is not now contended that such evidence is not sufficient to justify the conclusion that the sale under such proceedings was void. As to the contention that such proceedings cannot be attacked collaterally, we must hold that it is entirely without merit. It is a well-established rule that when it appears upon the face of the record, as in such receivership, that the judgment is void, it may be impeached at any time and by any person. 1 Black on Judgt. sec. 278; 34 C. J. 532; 15 R. C. L. pp. 842, 843.

██ The receivership proceeding being null and void, the rule of caveat emptor applies (Tonopah Banking

Corporation v. McKane Min. Co., 31 Nev. 295, 103 P. 230) ; hence the defendant cannot rely upon the receiver's sale.

■ Counsel for defendant contends that the trial court erred in refusing to admit evidence showing that the car in question had been attached in the suit of Vail v. Beck. The ruling of the court was based upon the allegation in the answer that defendant had purchased the car in the matter of the receivership. Counsel for the defendant admitted during the trial that such was the fact, but contended that such sale was with the permission and under the direction of Vail. The ruling was right; Vail released his lien by his action, and, furthermore, defendant could make no claim except pursuant to the alleged sale.

■ It is further contended that plaintiff should be estopped from attacking the sale in the receivership. Various reasons are given as a basis of this contention. We may say generally that none of them are well founded, and least of all the assertion that Heglen was plaintiff's agent in instituting the receivership proceedings. The very essence of equitable estoppel is the resulting prejudice arising from some act of the party estopped, which misleads the other party to his injury. Sharon v. Minnock, 6 Nev. 377. There is no such circumstance appearing in the receivership matter. From the time the plaintiff departed from the state he did no act upon which the defendant relied. Defendant knew of plaintiff's departure and of his continued absence, and of all the proceedings in the receivership. At least he was in a better position to know, so far as appears, than the plaintiff. In this situation it cannot be said that the plaintiff misled the defendant in any way or to any extent.

The judgment and order appealed from are affirmed.