[Civ. No. 11190. Second Appellate District, Division One.—February 16, 1937.]

In the Matter of the Estates of EDMUND G. LOWE, etc., et al., Missing Persons. T. H. M. AITKEN, Respondent, v. EDMUND G. LOWE, Appellant.

Charles S. Conner for Appellant.

Will H. Winston for Respondent.

HOUSER, P. J.—The appeal herein presents for the consideration of this court several questions that have arisen from the administration of the estate of Edmund G. Lowe and "Jane Doe Lowe", on the assumption that each of them was a missing person who had estate within the county of Los Angeles, and that such estate required "attention, supervision, and care of ownership". (Sec. 1822, Code Civ. Proc.; sec. 260 et seq., Prob. Code.)

It appears that one Aitken filed a petition in the superior court for the appointment of himself as "trustee of Edmund G. Lowe and Jane Doe Lowe, his wife, missing persons". Briefly, the purport of the allegations contained in such petition was that Lowe and his wife were the owners of certain real property, which, in consequence of an oil lease thereof theretofore made to Aitken and thereafter assigned by him to the Union Oil Company, entitled Lowe and his wife to "a 4-1/6% landowners' interest in the lease";—with the result that the Union Oil Company then held approximately $5,000 to the credit of Lowe and his wife, which sum had been accumulated during several years theretofore passed; that an oil well on the property of said lessor was continuing to produce oil and gas, for which no accounting to the "missing" persons was being made; that for more than four years theretofore both Lowe and his wife had been "missing or their

whereabouts unknown''; that Aitken had spent more than $100 in endeavoring to locate Lowe and his wife, and ''that it is absolutely necessary that the estates of said Edmund G. Lowe, also known as E. G. Lowe, and Jane Doe Lowe, his wife, be attended to, supervised and cared for''; that Aitken ''believes that the said Edmund G. Lowe, also known as E. G. Lowe, and Jane Doe Lowe, his wife, can be located and that your petitioner should be authorized to expend money from the estates to locate said Edmund G. Lowe, also known as E. G. Lowe, and Jane Doe Lowe, his wife, in endeavoring to locate them''.

Acting on said petition, the court appointed Aitken trustee of the estates of Lowe and his wife, as missing persons, with authority vested in him to ''take charge and possession of said estates, and manage and control them under the direction of this court''. Thereafter, in addition to the $100 already expended by Aitken in search of the ''missing'' persons, Aitken's final account was approved for $500 that was also expended by him for that purpose; besides $500 to the said trustee and $850 to his attorney for their respective personal services rendered in the matter. The appeal is from such order, which includes the approval of other expenditures by the trustee, as well as from another order by which a motion to vacate or set aside all proceedings ''subsequent to the appointment of the trustee and filing bond'' was denied.

The first point that is presented by appellant is that the lower court never acquired jurisdiction to appoint a trustee herein.

By the terms of a part of former section 1822 of the Code of Civil Procedure (now, in substance, sec. 260 et seq. of the Probate Code), it is provided that: ''Whenever any resident of this state, who owns or is entitled to the possession of any real or personal property situate therein, is missing, or his whereabouts unknown, for ninety days, and a verified petition is presented to the superior court of the county of which he is a resident by his wife or any of his family or friends, representing that his whereabouts has been, for such time, and still is, unknown, and that his estate requires attention, supervision, and care of ownership, the court must order such petition to be filed, and appoint a day for its hearing, not less than ten days from the date of the order.''

Such a drastic, and at the same time, such a far-reaching provision in its ordinary or possible results as far as one's estate may be concerned, should require strict supervision and close observance by the courts in administration, especially with reference to outlined procedure.

With reference to asserted jurisdictional prerequisites, the attention of this court is first directed to the language of the statute to the effect that the lower court is authorized to administer upon the estate of those persons only who are "*residents* of this state", but who have been "missing" therefrom for at least ninety days, etc.

An examination of the petition filed by Aitken fails to disclose an allegation that in anywise relates to the residence of either Lowe or his wife. In other words, the record is wholly silent in that regard. A most potent reason for the statutory language that "whenever any *resident* of this state" has been missing or his whereabouts unknown, his estate located within this state may be administered upon as is thereafter provided, is that unless restricted to residents of this state, the property of nonresidents who may have been "missing", or their "whereabouts unknown", for a period of ninety days or more, may be subject to the same sort of proceedings as are provided for "residents" of this state. It is not impossible that the language of the statute might admit of its application to one who in making a pleasure trip to Europe would be absent from the state for ninety days. Or its application might be invoked even to one who might remove his residence from one locality within the state, to another, and in so doing fail to notify all his "friends", whether intimate or only casual, of his new address. As a matter of interest only, it may be noted that in the instant matter it is asserted by appellant and not denied by respondent, that more than twenty years before the petition was filed, Lowe and his wife had removed from Los Angeles County to San Diego County, where thereafter, including all times during which the proceedings herein were in progress, they had continuously resided.

With reference to the fact of residence as a jurisdictional element in pleading and proof, the several statutes and various decisions in this state that relate respectively to the adoption of minor children (sec. 226, Civ. Code; *Ex parte Clark*, 87 Cal. 638 [25 Pac. 967]); to divorce proceedings (*Coleman* v.

*Coleman,* 23 Cal. App. 423 [138 Pac. 362]) ; to matters in probate (*Beckett* v. *Selover,* 7 Cal. 215 [68 Am. Dec. 237] ; *In re Brady's Estate,* 177 Cal. 537 [171 Pac. 303]) ; as well as to guardianship matters (*Ricci* v. *Superior Court,* 107 Cal. App. 395 [290 Pac. 517]) ;—all very clearly indicate that the fact of residence of interested parties is regarded as of vital importance. The legislative intent in each of such proceedings would seem unmistakable to the effect that the fact of "residence" was indispensable. The language of the statute here under consideration, to wit, that "whenever any resident of this state . . . is missing, or his whereabouts unknown, for ninety days", etc., admits of no conclusion other than that before any legal action with reference to the administration of the estate of such a person may be taken or had, the fact must be established that he was (or is), a "resident of this state"; and of course, in order that such fact may properly, regularly, and legally be made to appear, it must not only be pleaded and proved, but as well, must be so adjudicated. In other words, that fact constitutes a jurisdictional element in the proceedings ;—in the absence of which no legal order in the premises may be made.

█  And in principle, the same situation prevails with reference to the person by whom the petition for the appointment of a trustee of the estate may be properly presented. In that regard, the statutory requirement is that such a petition may be presented "by his (the missing person's) wife or any of his family or friends". Manifestly, no one whose individuality fails with respect to the statutory description or classification is legally eligible to present such a petition. Again, on examination of the petition herein, it may be observed that it contains neither fitting, nor appropriate, nor other allegation of the relationship, if any, that the petitioner bore to either of the "missing" persons. Nor with respect to the fact of relationship was any finding of such necessary fact either expressly or impliedly made by the court. And again, purely as a matter of interest, from appellant's brief it is learned that as a matter of fact (even had it been made), the petitioner would have been wholly unable to verify any such allegation, for the reason that he had never even seen either of the "missing" persons, and that as connected with any specific business in which the petitioner and the "missing" persons were, or ever had been, either mutually or other-

wise interested, the position occupied by the petitioner therein was adverse to and conflicting with that of the "missing" persons.

Although several other important and material points which urgently suggest the reversal of the judgment are presented by appellant, it becomes unnecessary to consider either of them.

The orders from which the appeal is taken are reversed.

York, J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1937.