[Crim. No. 1818.   Third Dist.   Apr. 13, 1943.]

In re FRED M. GIANOLI, on Habeas Corpus.

Frank W. Taft and Henry C. Spurr for Petitioner.

Preston & Gibson for Respondent.

ADAMS, P. J.—On December 3, 1942, Fred M. Gianoli filed herein a petition for a writ of habeas corpus, alleging that his daughter, Roberta Mabel Gianoli, aged fifteen years, was being restrained of her liberty by Floyd Walker and Iola Walker, his wife; that on or about September 1, 1935, petitioner had placed said child with the Walkers and had been paying them for taking care of her; that since said date petitioner had remarried and that he and his wife had repeatedly asked that his daughter be surrendered to him, but that the Walkers had refused. He also alleged that on the 16th day of October, 1942, he had applied to the superior court for a writ of habeas corpus, praying that his daughter be taken from the custody of the Walkers, and that said court had issued a writ, but upon hearing thereof had denied petitioner relief and had remanded said child to the custody of the Walkers.

The writ having issued from this court, respondents produced the minor in court and made a return alleging that the said Roberta had been living with them at their home in Cloverdale for more than six years, that they were entitled to her custody by virtue of certain guardianship proceed-

ings in the Superior Court of Sonoma County wherein that court, on November 19, 1942, had appointed them guardians of the person of said minor, and that they had duly qualified as such guardians and letters of guardianship had been issued to them on November 21, 1942. Attached to the return, as exhibits thereto, were certified copies of the papers in the guardianship proceeding, including the petition for appointment, nomination of the Walkers as guardians made by the said minor, opposition to the petition filed by Fred Gianoli, the findings and order of the court appointing the Walkers guardians, and the letters of guardianship. They also alleged the filing by Gianoli of a petition for writ of habeas corpus in the Sonoma County court, and attached to their return, as exhibits, the petition, return and order therein. It was further alleged in said return, that on November 27, 1942, petitioner had filed notice of appeal to this court from the order appointing the Walkers guardians of said minor.

At the hearing of the petition before this court it was stipulated by the attorneys for the respective parties that the transcript on appeal in the guardianship matter should be considered as the evidence herein.

The findings and order of the court in that proceeding recite that the minor, Roberta Mabel Gianoli, was born on June 13, 1927; that she was and had been for more than six years temporarily domiciled in Sonoma County, during which time she had been living with the Walkers; that said minor had, in writing, nominated the Walkers as her guardians, that no other guardian had been appointed or nominated by her since she had arrived at the age of fourteen years, and that she had no guardian of her person; that the Walkers were fit, proper and suitable persons to have her care, custody and control; that it was necessary and convenient that a guardian or guardians of her person be appointed, and that her nomination of guardians was her free and voluntary act. It was therefore ordered that the Walkers be appointed guardians of the person of said minor and that letters of guardianship issue to them upon their taking the oath of office as such guardians.

The record in the habeas corpus proceeding in the lower court shows that the Walkers set up in their return therein that said minor was over the age of fourteen years, that she had nominated them as the guardians of her person, and that proceedings for letters of guardianship were pending in that court; that respondents were fit and proper persons to have

the care, custody and control of said child, that they were entitled to letters of guardianship, and that it was convenient and proper that such guardians be appointed. It also shows that after hearing in that proceeding the trial court made an order on the 6th day of November, 1942, in which it set forth the facts alleged in said return, and that, in the guardianship proceeding, the court had, on the same day, made an order appointing the Walkers guardians of the person of said minor; that it would be for the best interest and welfare of said minor to remain in the custody of respondents, and that, therefore, the petition of Fred M. Gianoli should be denied and said minor should be remanded to the custody of the Walkers.

The bill of exceptions, made a part of the transcript on appeal in said guardianship matter, shows that upon the hearing thereof it was stipulated in open court by respective counsel for the parties that both petitioners and contestant are fit and proper persons to be appointed guardians of the person of said minor.

From the foregoing it is apparent that no question is presented in this proceeding that was not presented and ruled upon by the lower court in both the guardianship and the habeas corpus proceedings therein. The facts and the legal questions are the same. On the appeal in the guardianship matter we shall be called upon to decide the questions of law when the case is reached on our calendar. As notice of appeal therein had already been filed by petitioner before the proceeding before us was instituted by him, we are not disposed to anticipate the determination of the questions there presented by deciding them in this proceeding which is, in effect, a collateral attack upon the judgment therein.

A similar situation was presented by *In re Green,* 67 Cal. App. 504 [226 P. 76], except that in that case the guardianship proceedings were still pending in the lower court. This court there held that pending the determination by the lower court of the issue of the fitness of the petitioner, the mother of the minor, to have its custody, this court would not interfere, by writ of habeas corpus, with the custody of the minor by another.

Also in the case of *In re Dupes,* 31 Cal.App. 698 [161 P. 276], where an appeal was pending from a decree in a divorce action which involved the custody of a minor child, the court said that, pending the appeal, a new proceeding

(in habeas corpus) involving the same questions at issue in the case on appeal, could not be based thereon.

The petition is denied and the writ discharged, without prejudice.

Peek, J., and Thompson, J., concurred.