[Sac. No. 2207.   Department One.—November 25, 1914.]

In the Matter of the Guardianship and Estate of GEORGE
    W. GOODYEAR KIRKMAN, a Minor. ALBERT
    LAURENCE JOHNSON, Petitioner and Appellant;
    SINGLETON VAUGHN, Respondent.

GUARDIAN AND WARD—ORDER REFUSING TO APPOINT NOMINEE OF MINOR
    OVER FOURTEEN YEARS OF AGE—APPLICANT FOR LETTERS MAY AP-
    PEAL—PARTY AGGRIEVED.—An applicant for letters of guardianship
    of the person and estate of a minor over fourteen years of age,
    claiming as matter of right to be personally entitled to such letters
    by virtue of the nomination of the minor, is a "party aggrieved" by,
    and as such entitled to appeal from, an order refusing to grant
    him letters of guardianship.

ID.—RIGHT OF NOMINEE OF MINOR TO LETTERS—SUITABLENESS OF NOM-
    INEE—DISCRETION.—Section 1750 of the Code of Civil Procedure,
    providing that "when a guardian has been appointed by the court
    for a minor under the age of fourteen years, the minor, at any time
    after he attains that age, may nominate his own guardian, subject
    to the approval of the court," when read in connection with sections
    1748 and 1749 of that code, gives a minor over fourteen years of
    age the absolute right to replace the guardian appointed by the
    court when he was under that age, with one of his own selection,
    provided always that the person selected by him is, in the estimation
    of the court, a suitable or proper person. The discretion of the
    court can be exercised only in the determination of the question
    whether the nominee is a "suitable person."

ID.—ESTATE OF MINOR—INTEREST IN PROPERTY OF DECEASED PERSON'S
    ESTATE.—An order refusing to appoint the nominee of such a minor
    as guardian of his estate, on the ground that there was no necessity
    for the appointment as the minor had then "no estate to handle,"
    is erroneous, if it appears that the minor has property consisting
    of an interest in the property of his deceased mother's estate, which
    was in the possession of her administrator, and subject to the admin-
    istration thereof.

APPEAL from an order of the Superior Court of Solano
County refusing to appoint a guardian of the person and
estate of a minor. Henry C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

Crist, Johnson & Schuhl, for Appellant.

T. T. C. Gregory, Joseph M. Raines, and C. J. Goodell, for
Respondent.

ANGELLOTTI, J.—One Vaughn was appointed guardian of the estate of George W. Goodyear Kirkman, a minor, when said minor was under the age of fourteen years. At the same time a Mrs. Kirk was appointed guardian of his person. Four years thereafter, when the minor had attained the age of seventeen years, Mrs. Kirk resigned as guardian of the person of the minor, and her resignation was accepted by the court and her accounts settled. The minor then nominated in writing Albert Laurence Johnson as the guardian of his person and estate, and Johnson presented to the superior court his petition for appointment as such guardian. After hearing, the court denied Johnson's petition *in toto,* and the latter appeals from the order of denial.

There is no merit in the claim that Johnson is not a "party aggrieved" within the meaning of that term as the same is used in our statutes relative to appeals. He was an applicant for letters of guardianship, claiming as matter of right to be personally entitled to such letters by virtue of the nomination of a minor over fourteen years of age, and the statute gives an appeal from an "order . . . refusing to grant . . . letters . . . of guardianship." (Code Civ. Proc., sec. 963, subd. 3.) We are not here concerned with the question whether or not the minor might also appeal.

Section 1750 of the Code of Civil Procedure provides that "when a guardian has been appointed by the court for a minor under the age of fourteen years, the minor, at any time after he attains that age, may nominate his own guardian, subject to the approval of the court." We are of the opinion that when this section is read in connection with sections 1748 and 1749 of the Code of Civil Procedure, it is clear that it means that a minor over fourteen years of age has the absolute right to replace the guardian appointed by the court when he was under fourteen years of age, with one of his own selection, provided always that the person selected by him is, in the estimation of the court, a suitable or proper person. The latter sections prescribe the rules for an original application for letters of guardianship. If the minor is under the age of fourteen years, the court may nominate and appoint his guardian. "If he is fourteen years of age, he may nominate his own guardian, who, if approved by the court, must be appointed accordingly." If the nominee of the minor over fourteen years of age "is not approved by the court, . . . or if,

after being duly cited by the court, he (the minor) neglects for ten days to nominate a suitable person, the court or judge may nominate and appoint the guardian in the same manner as if the minor were under the age of fourteen years.'' Then follows section 1750 of the Code of Civil Procedure. The whole scheme contemplates the absolute right of the minor to have a guardian of his own selection after he is fourteen years of age, provided always he selects a person who is, in the judgment of the court, a suitable person to act as guardian. The discretion of the court can be exercised only in the determination of the question whether the nominee is a ''suitable person.'' It does not follow from this conclusion, as suggested by learned counsel for respondent, that a minor over fourteen years of age once having exercised this right and procured the appointment of his nominee, may exercise it a second time.

It is claimed that there was no necessity for the appointment of a guardian of the estate of the minor, in that it was not shown that there was any property belonging to him. This appears to have been the basis of the action of the trial court in denying the application, the learned judge saying that there did not ''seem to be any necessity for any guardian at this time further than the one already acting, there is no estate to handle.'' It sufficiently appears in the record that the minor has property, the same consisting of an interest in the property of his deceased mother's estate, which property is in the possession of the administrator of said estate, the same having been and being now in course of administration. One or two of the answers of the minor when examined as a witness, if taken alone, might indicate that there was no property, but when his whole testimony is considered, it is obvious that what he meant by these answers was that his property was still in the hands of the administrator of his mother's estate and that none of it had ever come into the possession of the guardian of his estate. If the minor is to have any guardian of his estate, authorized to receive any of his property from the administrator of his mother's estate, he is entitled to one of his own selection, provided he selects a suitable person.

If the order refusing to appoint Johnson as guardian of the estate of the minor was not erroneous, we would not be called upon to reverse the order of the superior court as to the guardianship of the person. The learned judge offered to appoint such a guardian, and appellant stated that he did not then

insist on such appointment, thus waiving his claim in this regard. But as the order denying the application for appointment of a guardian of the estate was erroneous the order will be reversed *in toto*.

The order appealed from is reversed.

Shaw, J., and Sloss, J., concurred.