[S. F. No. 8138.   Department One.—October 11, 1917.]

In the Matter of the Guardianship of the Estate of ANNIE IRENE McSWAIN (a Minor). HARRY J. CRAY-CROFT, Petitioner and Respondent, v. SUSIE McSWAIN, Contestant and Appellant.

GUARDIAN AND WARD—RIGHT OF NOMINATION OF MINOR OVER SIXTEEN YEARS.—A minor over the age of sixteen years has the right to nominate her guardian, and such nominee, if approved by the court, must be appointed.

ID.—APPEAL FROM ORDER APPOINTING GUARDIAN — MOOT QUESTION.— Where after the taking of an appeal from an order appointing a guardian and before its submission the minor becomes of age, the question whether the order was properly made becomes a moot question.

APPEAL from an order of the Superior Court of Fresno County appointing a guardian for a minor. George E. Church, Judge.

The facts are stated in the opinion of the court.

Short & Sutherland, and Carl E. Lindsay, for Appellant.

Everts & Ewing, for Respondent.

SHAW, J.—Harry J. Craycroft filed a petition for letters of guardianship of the estate and person of Annie Irene McSwain, a minor then over the age of sixteen years. The application was opposed by Susie McSwain, the mother of the child. The court overruled the objections and made the appointment as prayed for. From this order the mother appeals.

There is no dispute in this court, and there was none in the court below, as to the propriety of the order appointing a guardian of the estate of the minor. She was the owner of an undivided one-half interest in property of the value of some thirty thousand dollars, which required the attention of a guardian and made such appointment proper, if not necessary. Being over sixteen years of age, the minor had the right to nominate her guardian, and such nominee, if approved by the court, must be appointed. (Code Civ. Proc., sec. 1748.) The minor nominated Craycroft to be the guard-

ian of her person and estate, and the court approved the nomination. His appointment as guardian of the estate was therefore imperative. (*In re Kirkman,* 168 Cal. 688, [144 Pac. 745]; *Estate of Meiklejohn,* 171 Cal. 247, [152 Pac. 734].)

The only objection here made is that there was no showing, either in the petition or in the evidence, to the effect that the mother was not a suitable and fit person to have the care and custody of the child's person during her minority, and hence that it does not appear that it was either necessary or convenient that a guardian of the person should be appointed. Section 1747 of the Code of Civil Procedure provides that the superior court "when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have no guardian legally appointed by will or deed, and who are inhabitants or residents of the county, or who reside without the state and have estate within the county." The child had left her mother and gone to reside with another person. The mother was not an unfit person to have the custody of the child, and the child had requested the appointment of Craycroft. It is not contended that the person with whom she was living was an unfit person for her to associate with. No other facts appeared relating to the subject.

We do not deem it necessary to decide the question thus presented. After the appeal was taken on the order, and before it was submitted, the child became of age, and the guardianship, and the right to guardianship, of her person terminated. It is not claimed that any prejudice has been suffered by anyone by reason of the fact that the order included the guardianship of her person as well as of the estate. The question whether the order was properly made or not is of no further importance. It is a moot question which the court will not take time to consider. To avoid any hardship to anybody we deem it proper to refuse any allowance for the costs of appeal. The proper proceeding in such a case is to dismiss the appeal.

It is ordered that the appeal be dismissed and that neither party recover costs on appeal.

Sloss, J., and Lawlor, J., concurred.