[Civ. No. 3886.  First Appellate District, Division One.—May 9, 1921.]

HENRY W. COLLINS, Petitioner, v. SUPERIOR COURT OF MONTEREY COUNTY and J. A. BARDIN, Judge Thereof, Respondents.

[1] GUARDIANSHIP OF MINOR—DIVORCED PARENTS—JURISDICTION.—The superior court of the county in which the parents of a minor are divorced does not have exclusive jurisdiction to hear and determine any matter relating to the custody and care of the minor, and where the minor is of the age of fourteen years and an inhabitant of a different county his nominee may file an application for letters of guardianship in the latter county and the court has jurisdiction to·hear and determine the same.

APPLICATION for a Writ of Mandate to compel the Superior Court of Monterey County to hear and determine an application for guardianship.  Granted.

The facts are stated in the opinion of the court.

C. F. Lacey for Petitioner.

J. A. Bardin, *in pro per.,* for Respondents.

Roy A. Bronson, *Amicus Curiae,* for Respondents.

WASTE, P. J.—The petitioner is here seeking a writ of mandate directing the superior court in and for the county of Monterey to hear and determine an application for guardianship. The respondent, being in doubt as to its jurisdiction in the matter, has declined to proceed.

Until November 1, 1916, petitioner, Henry W. Collins, and Isabel Collins were husband and wife. On that date they were divorced by a decree duly entered in the superior court in and for Marin County, and the custody of Benjamin Collins, the minor son of the parties, was awarded to the mother. That decree is in full force and effect. The boy remained with his mother, who removed to Solano County, until he became fourteen years of age, when he went to live with petitioner, his father, who has for a number of years resided in Monterey County. The petitioner has filed in the superior court of Monterey County

his application to be appointed guardian of the person of his son, Benjamin, who in writing nominated his father as his guardian, and requested that he be appointed. The court refused to cause notice of the hearing of the petition to be given, or to proceed in the matter, holding that the superior court of Marin County, in which the parents were divorced, has exclusive jurisdiction to hear and determine any matter relating to the custody and care of the minor.

[1] The authority of the superior court of Marin County to award the custody of the minor to one of the parties in the divorce action was not exclusive. It was but the exercise of the general power conferred by section 138 of the Civil Code to make a proper order for the custody of the child. (*Ex parte Gordan,* 95 Cal. 374, 377, [30 Pac. 561].) That section does not confer jurisdiction upon the court to appoint a guardian for such minor. The superior court of each county, when it appears necessary or convenient, may appoint guardians for persons and estates, or either of them, of minors who have no guardian legally appointed by will or deed, and who are inhabitants, or residents of the county. That authority is conferred by section 1747 and following sections of the Code of Civil Procedure. Section 138 of the Civil Code was enacted for the protection of children of persons who may submit themselves and their marital relations to the general jurisdiction of the superior court. (*Harlan* v. *Harlan,* 154 Cal. 341, 350, [98 Pac. 32].) In guardianship matters the court acts strictly in a special proceeding, and by virtue of power conferred upon it to appoint guardians in the designated cases. The validity of its proceedings must be determined solely from a consideration of the sections of the Code of Civil Procedure, *supra.* (*Guardianship of Salter,* 142 Cal. 412, 413, [76 Pac. 51]; *In re Campbell,* 130 Cal. 380, 383, [62 Pac. 613].)

In the instant case the petition filed in the superior court shows that the minor is an inhabitant of Monterey County. He is fourteen years of age, and has the absolute right to select and nominate his guardian, who, if approved by the court, must be appointed. (Code Civ. Proc., sec. 1748; *Guardianship of Kirkman,* 168 Cal. 688, [144 Pac. 745]; *Guardianship of Meiklejohn,* 171 Cal. 247, [152 Pac. 734]; *Guardianship of McSwain,* 176 Cal. 287, [168 Pac.

117].) These cases are also authority for holding that a minor, upon arriving at the age of fourteen years, may nominate and displace a guardian already appointed, and that, even though the displaced guardian may be one of his parents. "The whole scheme," says the court, in discussing the provisions of the Code of Civil Procedure relating to the appointment of guardians, "contemplates the absolute right of the minor to have a guardian of his own selection after he is fourteen years of age, provided always, he selects a person who is, in the judgment of the court, a suitable person to act as his guardian. The discretion of the court can be exercised only in the determination of the question whether the nominee is a 'suitable person.'" (*Guardianship of Kirkman, supra.*)

To uphold the contention of the respondent would be to deny the minor the exercise of this absolute right.

Let a writ of mandate issue, directed to the superior court of the state of California in and for the county of Monterey, and the Honorable J. A. Bardin, Judge thereof, commanding them to entertain said guardianship proceeding and determine the same.

Richards, J., and Kerrigan, J., concurred.