[Crim. No. 782. Third Appellate District.—May 27, 1924.]

In the Matter of MARGRETTA GREEN, on Habeas Corpus.

[1] GUARDIAN AND WARD—FITNESS OF MOTHER—ISSUE IN PENDING GUARDIANSHIP PROCEEDING—CUSTODY—HABEAS CORPUS.—Where the question of whether the mother of a minor is a fit and proper person to have the care and custody of the minor is in issue in a guardianship proceeding in the superior court, pending the determination of such issue by said court, the appellate court will not interfere, by a writ of *habeas corpus* sought by the mother, with another's custody of the minor.

[2] ID.—WELFARE OF MINOR—CUSTODY.—Where the moral fitness of the mother is in issue both in the *habeas corpus* proceeding and in the guardianship proceeding, the welfare of the child is the paramount consideration, and such welfare can be safeguarded best by leaving her in the only home she has ever known until the superior court determines the fitness of the mother.

[3] ID.—RESIDENCE—JURISDICTION.—It is sufficient to give the superior court of a particular county jurisdiction of a guardianship proceeding that the minor is an "inhabitant or resident" of that county.

---

(1) 29 C. J., p. 18, sec. 10. (2) 29 C. J., p. 18, sec. 10. (3) 28 C. J., p. 1068, sec. 28.

PROCEEDING in Habeas Corpus to secure custody of a minor child. Petition denied; writ discharged.

The facts are stated in the opinion of the court.

Henry C. McPike for Petitioner.

L. G. Scott for Respondent.

FINCH, P. J.—This is an application for a writ of *habeas corpus,* prosecuted by Beulah Green Footman to obtain the custody of her daughter, Margretta Green, a minor of the

1. See 13 Cal. Jur. 251.
2. Parent's right to custody of child, note, 2 Am. St. Rep. 183. See, also, 20 R. C. L. 595, 632.
Welfare of child as primary consideration in determining right to its custody on *habeas corpus,* note, Ann. Cas. 1914A, 740. See, also, 20 R. C. L. 601.

age of fourteen years, now in the custody of Gretta Banks, a half-sister of petitioner. Mrs. Banks alleges in her return that she took the custody of the minor when the latter was but a few months old, "with the knowledge, consent, and approval of said Beulah Green Footman, and has ever since had the care, custody and control of said Margretta Green, and has clothed her, provided her a home and medical attention, and with a musical, religious and secular education at her own expense"; that, for reasons specifically alleged, petitioner "is not a fit and suitable person to have the care, custody, or control of said Margretta Green"; that after attaining the age of fourteen years, the minor filed in the superior court of Sonoma County her "petition joining with said Gretta Banks in the prayer that said Gretta Banks be appointed guardian of her person and estate, which cause is now pending in the superior court of Sonoma County, . . . in which said cause said Margretta Green has designated and appointed said Gretta Banks as her guardian and requested the court to approve the same."

In the year 1920 Mrs. Banks filed in the superior court of Sonoma County her petition praying that she be appointed guardian of the person and estate of the minor. Mrs. Footman appeared in opposition to the appointment. After a hearing, the court appointed Mrs. Banks guardian of the minor. The order of appointment was reversed by the supreme court. (*In re Green*, 192 Cal. 714 [221 Pac. 903].) The *remittitur* was filed in the superior court of Sonoma County on the 28th of January, 1924. Thereafter the minor filed her aforesaid request for the appointment of Mrs. Banks as guardian. The cause is now pending in that court.

Respondent contends that the minor, being of the age of fourteen years, has the absolute right to nominate her guardian, who, if approved by the court, must be appointed, citing *Collins* v. *Superior Court*, 52 Cal. App. 579 [199 Pac. 352], and cases referred to therein. It is unnecessary to pass upon the merits of such contention. [1] The question of whether petitioner herein is a fit and proper person to have the care and custody of the minor is in issue in the guardianship proceeding in the superior court of Sonoma County. Pending the determination of such issue by that court, this court will not interfere, by a writ of *habeas corpus*, with the custody of the minor. By the provisions of

section 1747 of the Code of Civil Procedure the superior court is vested with authority to make all necessary orders for "the temporary custody of such minor until a hearing can be had" on the petition for letters of guardianship. As said by the supreme court: "Where, under appropriate proceedings, a parent has been declared a fit and proper custodian of the person of a child, this court has been inflexible in the enforcement of the parental right. . . . But here we are not impelled to put into operation the decree of a court establishing the fitness of a parent for the custody and control of a child." (*In re Britt,* 176 Cal. 177, 181 [167 Pac. 683].) **[2]** Under the circumstances of this case, the moral fitness of the mother being in issue both herein and in the guardianship proceeding, the welfare of the child is the paramount consideration, and such welfare can be safeguarded best by leaving her in the only home she has ever known until the superior court determines the fitness of the mother.

The petitioner's residence is in Alameda County. That of respondent is in Sonoma County. Petitioner urges that the mother's residence determines the residence of the minor and that therefore the residence of the latter is in Alameda County and that the superior court of Sonoma County has not jurisdiction of the guardianship proceeding. **[3]** It is sufficient to give the superior court jurisdiction that the minor is an "inhabitant or resident" of that county. (Code Civ. Proc., sec. 1747; *Collins* v. *Superior Court, supra.*)

The petition is denied and the writ discharged.

Hart, J., and Plummer, J., concurred.