Appellant, Sarah Jane Woodhead, signed and filed a petition in the probate court asking to be appointed guardian of the person of Frances Hann, a minor, alleging that the said minor was an orphan of the age of sixteen years, in the custody of the Associated Charities of San Francisco. The Children's Agency of the Associated Charities filed an opposition to the said petition alleging that the said minor's father deserted her in 1916 and that his whereabouts has since been unknown, that her mother died in 1923, and further alleged as follows:
"That the aforesaid Sarah Jane Woodhead is in no way related to the said minor, has only seen her a few times, does not know her well and is not well qualified to act as her guardian nor is she able to give the kind of home surroundings that the said minor at present needs."
"That on the 23d day of July, 1916, the said minor, Frances Hann, was committed to the care of her mother, and that on the 12th day of April, 1927 (1917), the said minor was again committed to the Children's Agency, a department of the Associated Charities of San Francisco, a corporation, both of said commitments having been duly signed and entered by the above entitled court, sitting in Department 2, Juvenile, thereof."
"That ever since the 12th day of April, 1917, the said minor has been under the care, custody and control of said Children's Agency and boarded in various foster homes in San Francisco, and that she is at present under the care and control of a competent foster mother selected by the said Children's Agency and whose home is directly under the supervision and control thereof."
"That the character of the said minor is such as to require the careful supervision of a social agency and her upbringing in a proper foster home selected thereby."
The opposition concluded with the prayer that the petition be denied and that in case the court should decide that any guardian was desirable that Catherine Moriarty, a *Page 745 
social worker and employee of the said Children's Agency, be appointed.
On the last day of the hearing of the matter, December 3, 1928, a minute order of the court was made denying the petition for letters of guardianship and sustaining the objections thereto. On the same day there was filed a document dated November 3d, signed by the minor nominating and requesting the court to appoint said petitioner. Petitioner thereafter filed a notice of intention to move for a new trial giving notice that she would on December 14th move to set aside the decision of the court and for a new trial. A minute order of the court was made on December 18th, reading, "Motion for a new trial denied." On December 26th, petitioner filed a notice of appeal "from the order of the court made herein denying the motion of the petitioner to set aside the decree of the court therein rendered on the 18th day of December, 1928, denying the petitioner's motion for a new trial and to open up said cause for further hearing, the court thereby ordering petitioner's motion dismissed and the said order (to) which petitioner's counsel excepted. The petitioner does hereby appeal from said order and judgment and the whole thereof."
The appeal is perfected under the alternative method. The only record brought up is the clerk's transcript containing, of course, no testimony. Appellant describes her appeal as an appeal from an order "denying the motion of appellant for a rehearing of the case."
[1] An appeal from the order denying a new trial is not permitted. (Code Civ. Proc., sees. 963 and 1714.) [2] An appeal from an order refusing to vacate an appealable order is likewise not permitted (Steinberg v. Jacobs, 21 Cal.App. 765
[132 P. 1060]; 2 Cal. Jur. 166), especially so, where, as here, it is only another name for a motion for a new trial.
Considering the appeal as one taken from the order and judgment denying the petition, the record fails to show any error. [3]
The evidence and proceedings of the trial of the issues framed by the petition and opposition thereto, are not before us and it must be assumed the evidence at the trial supported the decision. Under the allegations of the opposition to the petition, the court could properly decide that it would not be necessary or for the best interests *Page 746 
of the minor to have a guardian of her person appointed by the probate court while she was a ward of the Juvenile Court and being cared for by the agencies of that department. [4] It is provided in Code of Civil Procedure, section 1747, that the court may appoint a guardian for a minor "when it appears necessary or convenient." The court was not bound to appoint a guardian simply because the minor nominated one. (Newton v. Janvrin, 62 N.H. 440.) The court, not the minor, is required to decide whether a guardianship is necessary or convenient.
The judgment is affirmed.
Nourse, J., and Sturtevant, J., concurred