[Civ. No. 10683.   First Appellate District, Division One.—November 30, 1938.]

In the Matter of the Guardianship of the Person of LOUISE ELIZABETH KERR, a Minor.   LOUISE ELIZABETH KERR, Respondent, v. LEONORA WALLACE, Appellant.

Carlton D. Dethlefsen for Appellant.

Athearn, Chandler & Farmer, F. G. Athearn and Philip H. Angell for Respondent.

KNIGHT, J.—This is an appeal from an order appointing a guardian of the person of the respondent, Louise Elizabeth Kerr, a minor of the age of eighteen years.

She is the daughter of Andrew L. and Leonora Kerr, who in September, 1923, were divorced. By the terms of the divorce decree the care and custody of respondent, then four years old, was awarded to her mother, but she was maintained and educated out of a monthly allowance paid by her father. Subsequently each parent married again, the mother having become Mrs. Wallace. For a considerable period prior to 1936 the relations between the mother and daughter were at times extremely unpleasant; at other times, as shown by certain letters and communications written by respondent to her mother, they were on affectionate terms. In June, 1936, they went to New York on a visit, during which several violent quarrels took place between them. According to respondent's testimony, her mother repeatedly called her vile names, accused her of gross misconduct, and of being a thief, struck her and otherwise abused and mistreated her. Finally respondent wired her father in San Francisco to send her allowance directly to her, which he did; and following a violent quarrel with her mother, as a result of which, so respondent claimed, her mother prevented her from taking the train, she boarded an airplane and flew back to San Francisco, where she took up her residence with friends; and on January 11, 1937, being then past eighteen years of age, she filed a petition in the superior court for the appointment of a guardian of her person, whom she nominated in the petition. Mrs. Wallace filed objections to the granting of respondent's petition; and after a hearing in which both parents participated and gave testimony, the court announced that while there was no question about the fitness of respondent's nominee to act as guardian, it believed that for reasons which it elaborated upon, it would be advisable to select someone else,

and that it would appoint Mrs. Mary Conway Kohler as such guardian. Immediately following such announcement respondent and her nominee gave their consent thereto, and on April 21, 1937, a formal order of appointment was entered to that effect, from which Mrs. Wallace has taken this appeal.

The first point appellant urges for reversal of the order is that the court herein was without jurisdiction to hear or determine the guardianship proceeding instituted by respondent, her contention in this behalf being that where as here a decree of divorce is granted wherein provision is made for the custody of a minor child, the court in which such decree is rendered thereafter and at all times retains exclusive jurisdiction over the matter of the custody of said child. The case of *Collins* v. *Superior Court,* 52 Cal. App. 579 [199 Pac. 352], holds to the contrary. As there said, although general power is conferred upon the divorce court by section 138 of the Civil Code to make an order for the custody of a child, that section does not confer jurisdiction upon such court to appoint a guardian for such child; and in this connection the court in that case went on to point out that the authority to appoint a guardian is granted by section 1747 and those following of the Code of Civil Procedure (now sections 1405 and 1406 of the Probate Code) which provide that the superior court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have no guardians legally appointed by will or deed, and who are inhabitants or residents of the county; that in such guardianship matters the court acts strictly in a special proceeding, and by virtue of power conferred upon it to appoint guardians in designated cases. And in that case it was held that a minor over fourteen years of age has the absolute right to select and nominate his guardian, who, if approved by the court, must be appointed. To hold otherwise, said the court, would be to deny a minor the exercise of that absolute right.

Appellant's second point is that the court erred in appointing Mrs. Kohler guardian without first having taken testimony as to her fitness and qualifications. It appears, however, that such testimony was wholly unnecessary for the reason that Mrs. Kohler was an attorney and an officer of the court, namely, a referee of the juvenile court, and her qualifications and fitness to act as such guardian were well

within the knowledge of the presiding judge. Moreover, at no time after the court indicated it would appoint Mrs. Kohler did appellant intimate that she was not a fit and proper person to be so appointed, nor did appellant at any time make any objection to the appointment on that ground or offer to produce any evidence with respect thereto. In view of the foregoing circumstances, there is no ground upon which it may be held on appeal that the court abused its discretion in making such appointment.

Finally, appellant contends that she was denied the opportunity of refuting the accusations made against her as to her unfitness to act as respondent's custodian, or to produce witnesses to prove her fitness. The record shows, however, that the court's finding that she was unfit was based largely upon facts disclosed by her own testimony, which are amply sufficient to sustain the trial court's adverse finding on that issue; consequently any testimony she may have offered to show her fitness would only have added to the conflict already existing. Moreover and in any event, it is the established law of this state that a child over fourteen years of age may nominate his own guardian, and that such nominee, if approved by the court, must be appointed. (Prob. Code, sec. 1406, formerly sections 1748, 1750, Code Civ. Proc.; *Guardianship of Kirkman,* 168 Cal. 688 [144 Pac. 745]; *Estate of Meiklejohn,* 171 Cal. 247 [152 Pac. 734]; *Estate of McSwain,* 176 Cal. 287 [168 Pac. 117].) As said by the court in the *Estate of Meiklejohn, supra,* parental relationship is of no consequence in such a case because the statute gives the minor the authority to select a new guardian, and does not make such power dependent upon relationship. It follows, therefore, that regardless of the question of appellant's fitness she was not entitled, in the face of respondent's objections, to receive the appointment.

There is nothing in any of the cases cited by appellant which in our opinion conflicts with the views hereinabove expressed.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.