[Civ. No. 14075.    Second Dist., Div. Two.    May 21, 1943.]

Guardianship of the Person and Estate of FLAVIUS O. BURKET, JR., a Minor. GALE K. McKINNEY, Appellant, v. FLAVIUS O. BURKET, SR., Respondent.

R. M. Crookshank for Appellant.

Grainger & Hunt for Respondent.

MOORE, P. J.—The question for decision here is whether the Superior Court of Los Angeles County may appoint as guardian the father of a 14-year-old boy, who has been nominated by the boy, where five years before in a divorce proceeding in Orange County the custody of the boy was awarded to the mother.

By the interlocutory decree entered February, 1938, the custody of the boy was awarded to his mother, appellant herein. Provision was made for the support of the child by the father, respondent herein, and for periodic visits with him. Thereafter, in August, 1939, and in July, 1940, motions of the father for the modification of the interlocutory decree and for change of the boy's custody to respondent were heard and denied by the Superior Court of Orange County. In September, 1942, while the boy was visiting with his father in Los Angeles, the latter placed his son in a junior high school of that city, and filed his petition for appointment as guardian of the child's person and estate in the Superior Court of Los Angeles County. Following a hearing upon the petition, the court made its order appointing respondent guardian of the person only of the minor.

Appeal is taken from the order on the grounds that the Superior Court of Los Angeles County was without jurisdiction and that there was no necessity or convenience shown for the appointment. It has long been the rule that a minor who has attained the age of 14 years has a right to select and nominate his own guardian and the court, if it approves of the nominee as a suitable person, must appoint the guardian so chosen and nominated. (Secs. 1405, 1406, and 1440 Prob. Code; *Guardianship of Kerr*, 29 Cal.App.2d

439 [85 P.2d 145]; *Collins* v. *Superior Court,* 52 Cal.App. 579 [199 P. 352]; *Estate of McSwain,* 176 Cal. 287 [168 P. 117]; *Estate of Meiklejohn,* 171 Cal. 247 [152 P. 734].) In appointing a guardian pursuant to the cited sections of the Probate Code the court acts strictly in accordance with the special proceeding thereby authorized under the power thereby conferred. (*Id.*)

Contrary to appellant's insistence that the divorce court of Orange County retained jurisdiction to dispose of the custody of the minor, it is not true that section 138, Civil Code, in any wise controls in the matter of guardianship appointments. It confers no jurisdiction for the appointment of a guardian. (In the *Guardianship of Kerr, supra.*) Its application was intended only for the protection of children in cases of divorce, whereas section 1440, supra, was enacted especially to confer jurisdiction upon the Superior Court to appoint guardians for minors residing, or temporarily domiciled, in the county of the court making the appointment.

Appellant contends that neither necessity nor convenience was proved by respondent as a basis for his appointment as guardian. While there appears to be some doubt as to the necessity for such proof in view of the language of section 1406 yet the facts in proof definitively establish: (a) the minor had attained the age of 14 years; (b) he had nominated respondent to be his guardian; (c) he preferred to live with his father; (d) his age was such as to require "education and preparation for labor and business." (Sec. 1408 Prob. Code.) Each of the foregoing facts established the necessity for or convenience of the appointment of respondent.

In support of her contention that neither convenience nor necessity was established, appellant cites *Guardianship of Hann,* 100 Cal.App. 743 [281 P. 74]. No light from that case is available for the benefit of appellant. The evidence and proceedings of the trial were not before the appellate court. For that reason it was assumed that the evidence supported the decision. Also, it is observed that one of the grounds of opposition to the appointment of the nominee of Miss Hann as her guardian was "that the character of the said minor is such as to require the careful supervision of a social agency and her upbringing in a proper foster home selected thereby."

Judgment affirmed.

Wood (W. J.) J., and McComb, J., concurred.