[Civ. No. 6959.   Third Dist.   Sept. 16, 1943.]

Guardianship of ROBERTA MABEL GIANOLI, a Minor. FLOYD WALKER et al., Respondents, v. FRED GIANOLI, Appellant.

Frank W. Taft, Henry C. Spurr and Taft & Spurr for Appellant.

Preston & Gibson for Respondents.

ADAMS, P. J.—Floyd Walker and Ida Walker, his wife, petitioned the Superior Court of Sonoma County to be appointed the guardians of the person of Roberta Mabel Gianoli, a minor child over the age of fourteen years, their peti-

tion being accompanied by a nomination of petitioners by the said minor.

Petitioners represented that the mother of said minor was dead, and that the child had been permitted by her father to make her home with petitioners at Cloverdale for the past seven years; that during said time the child had gone from grammar school into high school, and had built her life around her present home and surroundings, which she desired not to have changed; that her father had now demanded custody of said child and intended to remove her to another county; that it was necessary and convenient that a guardian of said minor be appointed; that petitioner Ida Walker is the maternal aunt of said child, and that petitioners are fit and proper persons to have her care and custody.

The father of said child contested the granting of said petition, urging that the facts stated by petitioners did not show either necessity or convenience for the appointment of a guardian. He admitted that he had permitted said child to remain with petitioners for the purpose of attending school but alleged that he had paid for her maintenance. He further alleged that he had remarried and had a home for said child at Hopland, that he was capable of maintaining her, and that he and his wife both desired to have the child make her home with them.

At the trial of the proceeding it was stipulated that both petitioners and contestant are fit and proper persons to be appointed guardians of said child. Mrs. Walker testified that on the death of her sister, the mother of said child, Fred Gianoli had let petitioners take Roberta and her younger brother, and that both children had been living with them since that time; that their father had paid $10 per month each for their care, but was somewhat behind in his payments; that Roberta was in her second year in high school, had formed associations with her schoolmates and was happy and contented; that she and her husband were able and willing to have the custody of Roberta and to maintain and support her; and that Roberta had signed the nomination freely and voluntarily without any request or suggestion on her part. Roberta testified that she desired to remain with her aunt and uncle, did not want to leave her present home and go to Hopland, that she had signed the nomination of petitioners as her guardians of her own free will, and that

she desired that they be appointed her guardians. Fred Gianoli testified that he lived near the high school in Hopland, that he was employed by the Highway Commission with a salary of $140 per month, that he had allowed Mrs. Walker to have the two children and had paid for their maintenance until a short time before when a certain controversy had arisen between him and the Walkers, that he had visited the children often and that they had been well cared for, that he hád furnished them clothing and had taken them on frequent week-end trips to the home of his father and mother in Mendocino County.

The trial court found that said child was temporarily domiciled in Sonoma County and had been so domiciled for more than six years; that she had been permitted by her father to make her home with the Walkers, during which time she had gone from grammar school into high school, and had built her life around her present home in Cloverdale; that her father had not, until September 1, 1942, made any request that her custody be surrendered to him; that he intended to remove her to another county, but that said child did not desire to have her surroundings changed and was desirous of having petitioners appointed as her guardians; that said petitioners were fit, proper and suitable persons to have the custody of said minor, and that it was necessary and convenient that a guardian or guardians of her person be appointed; that the nomination by the minor was her free and voluntary act.

An order appointing petitioners guardians of the person of said minor followed, and contestant has appealed, contending that the Superior Court of Sonoma County had no jurisdiction of the guardianship proceedings, and that neither necessity nor convenience for the appointment of a guardian was shown.

Section 1440 of the Probate Code provides that when it appears necessary or convenient, the superior court of the county in which a minor resides or is temporarily domiciled may appoint a guardian for his person or estate, or both, and that the appointment may be made upon the petition of a relative or other person on behalf of the minor, or on petition of the minor, if fourteen years of age. And under the provisions of section 1406 of the Probate Code, if a child

over the age of fourteen years nominates his guardian such nominee must be appointed if approved by the court.

The child involved in this controversy had lived in Sonoma County for seven years, and was obviously within the jurisdiction of the court of that county within the meaning of section 1440, *supra*. (*Collins* v. *Superior Court*, 52 Cal. App. 579 [199 P. 352]; *In re Green*, 67 Cal.App. 504 [226 P. 76]; *Ricci* v. *Superior Court*, 107 Cal.App. 395 [290 P. 517]; *Guardianship of Kerr*, 29 Cal.App.2d 439 [85 P.2d 145]; *Guardianship of Burket*, 58 Cal.App.2d 726 [137 P.2d 475].) She had arrived at the age of fourteen years and therefore had an absolute right to select and nominate her guardian or guardians, and her nominees having been found to be fit and proper persons, the court was required to appoint them. (*In re Kirkman*, 168 Cal. 688 [144 P. 745]; *Estate of Meiklejohn*, 171 Cal. 247 [152 P. 734]; *Collins* v. *Superior Court, supra; Guardianship of Kerr, supra; Guardianship of Burket, supra.*) As for appellant's contention that neither necessity nor convenience for the appointment of a guardian was shown, the court said in *Guardianship of Burket, supra,* that (a) the minor had reached the age of fourteen years, (b) he had nominated his father, (c) he preferred to live with his father, and (d) his age was such as to require "education and preparation for labor and business" (sec. 1408, Prob. Code), and that *each* of the foregoing facts established the necessity or convenience for the appointment.

In the case before us the child is over fourteen years of age, she has nominated respondents, she prefers to live with them, and her father purposes to remove her from the home and surroundings in which she has lived for many years and take her to live in another county. These facts are sufficient to sustain the court's finding of necessity and convenience for the appointment of petitioners as guardians. And as for appellant's contention that because he is the father of the child, is a fit and proper person to have her custody, and is prepared to make a home for her, the court said in *Guardianship of Kerr, supra,* that parental relationship is of no consequence because the statute gives a minor over the age of fourteen years the authority to select her guardian. And in *Estate of Meiklejohn, supra,* the right of the minor, on reaching the age of fourteen years,

to have another guardian substituted for her father who had previously been appointed, was sustained, even though the fitness of the father was unquestioned.

The order appealed from is affirmed.

Peek, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 8, 1943.