[Civ. No. 12495.  First Dist., Div. Two.  Oct. 14, 1943.]

Guardianship of the Person and Estate of DEANNE PHILLIPS, a Minor. BERTRICE MARIE PHILLIPS, Appellant, v. DONALD E. PHILLIPS et al., Respondents.

Fabian D. Brown for Appellant.

W. C. Dorris and C. Fleharty, Jr., for Respondents.

SPENCE, J.—This is an appeal from an order granting a motion for change of venue in a guardianship proceeding.

Bertrice Phillips, the mother of Deanne Phillips, a minor of the age of four years, filed her petition in the Superior Court of the City and County of San Francisco for appointment as guardian of said minor. The court directed that notice of the hearing be given to Donald E. Phillips, the father of said minor and to Mary Phillips, the paternal grand-, mother of said minor, who are respondents herein. At the commencement of the hearing, respondents' counsel stated that he desired to make a motion for a transfer to Kern County. Counsel for petitioner objected to the hearing of

the motion upon several grounds. The court ordered the motion submitted and proceeded to hear the testimony presented by the petitioner and by respondents upon the merits of the petition. At the close of the testimony, the matter was argued and submitted. Thereafter, the court failed to pass upon the petition upon the merits but made its order granting the motion for change of venue. Petitioner appeals.

Appellant contends that the trial court erred in granting the motion and in failing to pass upon the petition upon the merits. We are of the opinion that this contention must be sustained. Respondents concede that there is no authority for the making of a motion for change of venue in a guardianship proceeding and upon the oral argument, they conceded that their motion was "ill conceived and ill considered." But they argue that regardless of any irregularities, the order should be affirmed under section 4½ of article VI of the Constitution. This argument is based upon the claim that the superior court in San Francisco had no jurisdiction and that the superior court in Kern County had exclusive jurisdiction to appoint a guardian for said minor and that therefore any error in ordering the transfer to Kern County was not prejudicial to appellant.

The facts upon which this argument is based are undisputed and may be briefly stated. In 1941, appellant and Donald E. Phillips, her husband, together with their minor child were residing in Kern County. In November, 1941, appellant obtained an interlocutory decree of divorce from Donald E. Phillips in the superior court of that county. Said decree, in accordance with the agreement of the parties, provided, "That the custody of the minor child, Deanne Phillips, should be award (sic) to Bertrice Phillips, defendant and cross-complainant. That the immediate care and control of said minor child, shall be in Mrs. Mary Phillips, grandmother of said minor child. That defendant and cross-complainant, Bertrice Phillips, shall have the right to visit said minor child, and to have the right to take said minor child to her home on certain holidays, like Thanksgiving, Christmas and also the right to have the child with her for a couple of days at a time, not exceeding six days in any one month." Thereafter, the minor lived with Mary Phillips at the latter's home in Kern County until October 18, 1942.

On that date, appellant went to the home of Mary Phillips and took the minor from there to stay with her at her home in San Francisco where said minor remained until this proceeding was commenced. Appellant's petition for appointment as guardian of the minor, containing the usual allegations, was filed in the superior court in San Francisco on October 26, 1942.

The claim that the superior court in San Francisco had no jurisdiction and that the Superior Court of Kern County had exclusive jurisdiction to appoint a guardian is without merit. The Superior Court of Kern County had, in the divorce action, exercised the power to provide for the custody of the minor conferred upon it by section 138 of the Civil Code but that section conferred no power or jurisdiction to appoint a guardian. The special proceeding for the appointment of a guardian is provided for in section 1440 of the Probate Code and the jurisdiction to appoint a guardian must be determined from the provisions of that section. (*Guardianship of Burket,* 58 Cal.App.2d 726 [137 P.2d 475]; *Guardianship of Kerr,* 29 Cal.App.2d 439 [85 P.2d 145]; *Collins* v. *Superior Court,* 52 Cal.App. 579 [199 P. 352].)

Section 1440 of the Probate Code provides in part "When it appears necessary or convenient, the superior court of a county in which a minor resides or is temporarily domiciled, or in which a nonresident minor has estate, may appoint a guardian for his person and estate, or person or estate." This section replaced the former section 1747 of the Code of Civil Procedure which referred to minors who were "inhabitants or residents of the county." It therefore appears that the jurisdiction of the superior court in any particular county is not confined to the appointment of guardians of those minors whose legal residence or legal domicile is in that county but that such jurisdiction extends, under the present section 1440, to the appointment of guardians of those minors who are "temporarily domiciled" there and that such jurisdiction extended, under the former section 1747, to the appointment of guardians of minors who were mere "inhabitants" there. (*Guardianship of Burket, supra; Ricci* v. *Superior Court,* 107 Cal.App. 395 [290 P. 517]; *In re Green,* 67 Cal.App. 504 [226 P. 76]; *Collins* v. *Superior Court,* 52 Cal.App. 579 [199 P. 352].) As used in said sections, those terms appear to be of similar import. It follows that when

a minor has a legal residence or domicile in one county and is "temporarily domiciled" in another, the superior court in either county has jurisdiction to appoint a guardian and that neither of such courts has exclusive jurisdiction. But respondents argue that the superior court in San Francisco could not have jurisdiction as appellant kept the minor in San Francisco in violation of the terms of the interlocutory decree entered in the Superior Court of Kern County. No authority supporting this argument has been called to our attention, the cases cited by respondents not being in point. In *Guardianship of Vance*, 92 Cal. 195 [28 P. 229], there was an appeal from an order appointing a guardian and the court was concerned solely with the question of whether the "residence" of two minors, whose mother was dead and whose father had abandoned them, was in the county where the appointment had been made. Said minors had lived for many years in Sonoma County with their maternal grandmother. The order of the Superior Court of Sonoma County appointing the maternal grandmother as guardian was affirmed, the court holding that the minors' "residence was in Sonoma County, and it was not changed by their surreptitious removal to San Francisco." It was not held, however, that the superior court in San Francisco would not have had jurisdiction if the petition had been filed there. The case entitled *Guardianship of Danneker*, 67 Cal. 643 [8 P. 514], was in reality a prohibition proceeding arising under rather peculiar circumstances. The minor was a full orphan. A petition for appointment of a guardian was filed in the superior court in San Francisco alleging that said minor was a "resident" of San Francisco but was temporarily at a school in Alameda County. After the service of citation upon one Michelson, the latter filed a petition for appointment as guardian in the Superior Court of Alameda County alleging that the minor was a "resident" of Alameda County. Before the hearing of the proceeding in San Francisco, Michelson obtained an order from the superior court in Alameda County appointing him as guardian without disclosing to said court the pendency of the proceeding in the superior court in San Francisco. Michelson then sought a writ of prohibition to prohibit the superior court in San Francisco from entertaining the proceeding in that court claiming that said court had no jurisdiction. The writ was denied upon the ground

that when the petition was filed in the superior court in San Francisco, "that court had jurisdiction to hear and determine whether the minor was a resident of that city and county" and that the subsequent proceeding in the superior court in Alameda County did not "oust the former court of jurisdiction to proceed." It was not held, however, that the superior court in Alameda County would not have had jurisdiction to appoint a guardian if the petition, filed in the superior court in that county, had been filed prior to the time of the filing of the petition in the superior court in San Francisco. In the present case, there was but one proceeding, which proceeding was pending in the superior court in San Francisco, the place where the minor was "temporarily domiciled." We therefore conclude that under said section 1440 the superior court in San Francisco had jurisdiction; that it should have passed upon the petition upon the merits; and that the making of the order transferring the proceeding to Kern County constituted error requiring a reversal.

We do not wish to be understood as expressing any opinion as to whether the petition should be granted or denied but as the superior court in San Francisco must pass upon the petition upon the merits, we believe it appropriate to make certain observations. The petition alleged "that said minor has no estate." It therefore appears that appellant sought to invoke the jurisdiction of the superior court in the county in which the minor was "temporarily domiciled" for the purpose of obtaining an order appointing appellant as guardian of the minor's person. It also appears that, in the divorce proceeding in the superior court in Kern County, the interlocutory decree contained provisions for the custody of the minor, which provisions may be changed by that court at any time upon a proper showing. In passing upon the petition upon the merits in the present proceeding, it will be appropriate for the superior court in San Francisco, in the exercise of its jurisdiction, to determine among other things whether under all the circumstances "it appears necessary or convenient" to appoint a guardian of the person of said minor. (Prob. Code. sec. 1440.)

The order appealed from is reversed with directions to the trial court to pass upon the petition upon the merits.

Nourse, P. J., and Dooling, J. pro tem., concurred.